**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| OBED VAZQUEZ, on behalf of himself and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSEPH CORY HOLDINGS, LLC, )<br>)<br>Defendant. )<br>_____ ) | Case No. 6:16-cv-01307-Orl-40TBS |

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT, AND MEMORANDUM OF LAW IN SUPPORT**

Defendant, JOSEPH CORY HOLDINGS, LLC ("Cory"), pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6), respectfully requests the Court to Dismiss Counts II and IV of the Plaintiff's First Amended Complaint (Dkt. No. 28) filed by Plaintiff, OBED VAZQUEZ ("Plaintiff"). As set forth in the following Memorandum of Law, Counts II and IV fail to state a claim upon which relief can be granted. Count II of Plaintiff's First Amended Complaint fails because Vazquez does not have standing under the Florida Deceptive and Unfair Trade Practices Act and because he does not seek damages recoverable under the Act. Count IV of Plaintiff's First Amended Complaint fails because Plaintiff failed to plead the specific facts necessary to state a claim for relief under 26 U.S.C. § 7434(a).

I.

**INTRODUCTION**

In this case, Plaintiff, Obed Vazquez, asserts four causes of action tied to his theory that Cory misclassified him as an independent contractor instead of an employee. In Count I, Vazquez alleges Cory failed to pay him overtime under the Fair Labor Standards Act ("FLSA"), and seeks to have a collective action certified under this cause of action. In Count II, Plaintiff asserts Cory violated the Florida Deceptive and Unfair Trade Practices Act (the "Act") (the "Trade Practices Act Claim"). In Count III, Plaintiff asserts Cory owes him unpaid wages under Florida common law. Finally, in Count IV, Plaintiff alleges Cory filed fraudulent tax returns (the "Tax Fraud Claim"). This Motion asks the Court to dismiss the Trade Practices Act Claim and the Tax Fraud Claim.

First, the Court should dismiss the Trade Practices Act Claim because Plaintiff lacks standing. The Act is a consumer protection statute. It provides a right of action for consumers victimized by unscrupulous businesses. It does not provide a right of action for an employee seeking to challenge his employment status. And it certainly does not provide the kind of damages Plaintiff seeks here—additional compensation as restitution.

Second, Plaintiff's Tax Fraud Claim under 26 U.S.C. § 7434 fails for two reasons. First, § 7434 does not "create[] a private cause of action for tax fraud where, as here, the alleged misrepresentation giving rise to the action is unrelated to the amount of payments the defendant reported paying to plaintiff." *Liverett v. Torres Adv. Enter. Solutions, LLC*, --- F. Supp. 3d ---, 2016 WL 3582068, at *1 (E.D. Va. June 28, 2016) (granting motion to dismiss § 7434 claim based on misclassification theory). Second, the statute only applies

3

to the party about whom the information return was submitted. Yet Plaintiff concedes Joseph Cory issued a 1099 for Plaintiff's company, not Plaintiff. For both of these reasons, Plaintiff's Tax Fraud Claim fails as a matter of law.

For these reasons, and as further discussed below, Cory respectfully requests the Court grant its Motion to Dismiss.

## II.

## ARGUMENT

### A.

### Standard Of Review

To survive a motion to dismiss under Rule 12(b)(6), Plaintiff must set forth factual allegations creating a "plausible" entitlement to relief both for himself and for anyone other than himself. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' does not satisfy [Rule] 8 and is subject to dismissal." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, while this Court must construe the pleadings in the light most favorable to Plaintiff, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ashcroft*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555). A complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Best of Everything of SW Florida, Inc. v. Simply the Best, LLC*, 2011 WL 4634147 (M.D. Fla. Oct. 6, 2011).

### B.

### Plaintiff Does Not Have Standing To Assert A Claim Under The Florida Deceptive And Unfair Trade Practices Act

For his Trade Practices Act Claim, Plaintiff alleges Cory misclassified him as an independent contractor and deprived him of "valuable rights and benefits guaranteed to [him] by law." *First Amended Complaint and Demand for Jury Trial*, ¶ 101. Plaintiff's claim fails for two reasons. First, Plaintiff lacks standing because he is not a "consumer" and the relationship between Cory and Plaintiff never involved "the conduct of any trade or commerce." § 501.202, Fla. Stat. Second, the Act does not provide the relief Plaintiff seeks. Consequently, Plaintiff's Trade Practices Act Claim fails as a matter of law.

### 1.

### Plaintiff is not a consumer.

The Act is a consumer protection statute designed to protect individuals and legitimate businesses from deceptive or unfair practices in trade or commerce. § 501.202, Fla. Stat.; *see also* id. at § 501.202(3) (further identifying the purpose as "mak[ing] state *consumer* protection and enforcement consistent with established policies of federal law relating to *consumer* protection) (emphasis added).[1]  As a consumer protection statute, only consumers have standing to sue under the Act. *N.G.L. Travel*

---

[1] *See also Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006) ("[a] deceptive practice is one that is 'likely to mislead' *consumers*")*; Martinez v. Rick Case Cars, Inc.*, 278 F. Supp. 2d 1371, 1373 (S.D. Fla. 2003) ("the clear intent of the Act as expressed by its plain language is to provide both equitable and legal remedies *to private consumers*"); *In re Maxxim Medical Group, Inc.*, 434 B.R. 660, 692 (M.D. Fla. Bkrtcy. 2010)("[the Act] is a *consumer protection statute*"); *Fonte v. AT&T Wireless Services, Inc.*, 903 So.2d 1019, 1024 (Fla. 4th DCA 2005) ("the Act is a remedial statute designed to protect *consumers*").

*Associates v. Celebrity Cruises, Inc.*, 764 So. 2d 672, 674 (Fla. 3d DCA 2000) (stating "[w]e conclude, however, that [defendant] is not protected by the Act as its actions were not that of a consumer"). "A 'consumer' is one who has engaged in the purchase of goods or services." *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1297 (S.D. Fla. 2014).

Here, Plaintiff lacks standing because Plaintiff failed to plead any facts suggesting that he was a consumer. As the court held in *Leon*, a plaintiff who alleges misclassification, without alleging he is a consumer or alleging to have engaged in any consumer transaction, "does not have standing to bring a claim against [d]efendants for violation of the Act." *Id.* The First Amended Complaint is devoid of any allegation that Plaintiff purchased anything from Cory. Nor does the First Amended Complaint contain any suggestion that Plaintiff ever engaged in any consumer transaction with Cory. As such, Plaintiff has failed to plead sufficient facts to have standing under the Act.

This Court and others have dismissed similar claims. In *Dobbins v. Scriptfleet, Inc.*, No. 8:11-CV-1923-T-24, 2012 WL 601145 (M.D. Fla. Feb. 23, 2012), the plaintiff also alleged misclassification under the FLSA and the Act. The court held the plaintiff lacked standing under the Act because the plaintiff alleged she was an employee of the defendant, rather than a consumer. *Dobbins*, 2012 WL 601145 at *4. Likewise, in *Carroll v. Lowes Home Centers, Inc.*, No. 12-23996-CIV, 2014 WL 1928669 *1 (S.D. Fla. May 6, 2014), the plaintiff alleged the defendant misclassified him as independent contractor. The court dismissed the plaintiff's claims for lack of standing because the Act only applies to consumers, and the plaintiff never alleged he was consumer. *Carroll*, 2014 WL 1928669 at * 4.

As the *Dobbins* court stated, "the Court is not convinced that . . . the Act creates a cause of action for an individual employee against his or her purported employer, when there is no consumer relationship between them." *Dobbins*, 2012 WL 601145, at *4. Plaintiff attempts to do exactly this—he seeks to impose liability under the Act against a purported employer when there is no consumer relationship between the parties. Therefore, his claim fails as a matter of law.

**2.**

**No trade or commerce has taken place between Plaintiff and Cory.**

Plaintiff's Trade Practices Act Claim also fails because the relationship between Cory and Plaintiff never involved "the conduct of any trade or commerce." Fla. Stat. Ann. § 501.202. Courts have routinely dismissed claims under the Act when a party asserting the claim is actually the provider, rather than the purchaser, of goods or services. *See Shibata v. Lim*, 133 F. Supp. 2d 1311, 1320–21 (M.D. Fla. 2000) (holding that the plaintiff "was the provider, not the purchaser . . . and therefore is not entitled to protection under the [Act]."); *N.G.L. Travel Associates v. Celebrity Cruises, Inc.*, 764 So. 2d 672 (Fla. 3d DCA 2000) (finding that travel agencies are not consumers entitled to protection under the Act when they are the providers, not the purchasers, of the services); *Warren Technology, Inc., v. Hines Interests Ltd. Partnership*, 733 So. 2d 1146 (Fla. 3d DCA 1999) ("While we agree that the plaintiff is a corporation and, therefore, could be a consumer . . . it acted as the producer in the instant transaction precludes recovery."); *Packaging Corp. Int'l. v. Travenol Laboratories, Inc.*, 566 F.Supp. 1480 (S.D. Fla. 1983)

7

(interpreting consumer as requiring a person or entity to be a purchaser of goods or services).

Here, Plaintiff provided services as a driver to Cory, making him the "provider" of services. *N.G.L.*, 764 So. 2d at 675 (stating that a travel agency which agreed to make travel arrangements for a cruise line and accept payment on commission was a "provider."). The fact that the parties entered into a contractual agreement does not transform Plaintiff from a provider of services to a consumer of services. As such, if *any* party had standing under the Act, it should be Cory, not Plaintiff.

### 3.

**Plaintiff cannot recover the damages he seeks under the Act.**

Even if Plaintiff could assert a claim under the Act, the damages he seeks are not recoverable. The Act authorizes a person who has "suffered a loss" as a consequence of a violation of the statute to recover "actual damages." § 501.211(2), Fla. Stat. In this context, "actual damages" are "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *Smith v. 2001 South Dixie Highway, Inc.,* 872 So.2d 992, 994 (Fla. 4th DCA 2004).

Plaintiff's First Amended Complaint attempts, without success, to fall within the Act's purview. Specifically, Plaintiff asks the Court to "restore [to him] . . . the money and property which Defendant has acquired," characterizing this sum as "the difference in the market value of service provided … due employees but not due independent contractors." *First Amended Compl.,* ¶ 107. This is nothing more than an attempt to

8

disguise a suit for restitution of wages as a claim under the Act. Simply stated, the Florida Deceptive and Unfair Trade Practices Act was not intended to provide recovery for monetary damages related to employment or the loss of employment. *Bishop v. VIP Transp. Grp., LLC*, No. 6:15-cv-2118-Orl-22KRS, 2016 WL 4435700, at *5 (M.D. Fla. Aug. 2, 2016), *report and recommendation adopted*, No. 6:15-cv2118-Orl-22KRS, 2016 WL 4382694 (M.D. Fla. Aug. 17, 2016) (holding that Plaintiff's alleged damages suffered when the defendant's "misclassification of drivers as independent contractors [and] caused Plaintiff and other drivers to incur the expense of forming and maintaining a limited liability company. . . are not 'actual damages,' within the meaning of [the Act]."). Plaintiff does not seek the "actual damages" available under the Act, and his claim under the Act should therefore be dismissed.

### C.

### The Complaint Does Not Sufficiently Allege That Cory Fraudulently Filed Information Returns

For his Tax Fraud Claim, Plaintiff asserts Joseph Cory violated 26 U.S.C. § 7434(a), which provides: "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." Plaintiff claims Joseph Cory misclassified him as an independent contractor and therefore submitted false information returns when it issued a Form 1099 MISC ("1099") for the compensation it paid to Plaintiff's company for Plaintiff's delivery services. *First Amended Compl.*, ¶¶ 113-116. Plaintiff does *not* allege Joseph Cory mispresented the amount it paid for Plaintiff's delivery services. *Id.*

Plaintiff's Tax Fraud Claim fails for two reasons. First, § 7434 does not provide a private cause of action based on the allegation that the defendant intentionally filed a Form 1099 Misc for a misclassified employee. *Liverett v. Torres Adv. Enter. Solutions, LLC*, --- F. Supp. 3d ---, 2016 WL 3582068, at *1 (E.D. Va. June 28, 2016). In *Liverett*, the plaintiff claimed the defendant violated § 7434 "based only on the allegation that defendant willfully misrepresented the status of its employees by issuing them Form 1099s instead of Form W-2s." *Id.* The plaintiff did *not* claim the defendant misrepresented the amount of money it paid to the plaintiff. *Id.* The court rejected the plaintiff's tax fraud claim and held that, based on the text, structure, and legislative history of § 7434, the act "must be read to provide a cause of action *only* where a defendant willfully files information returns *that misrepresent the amount of payments made.*" *Id.* at **2-5 (emphasis added).

Here, as in *Liverett*, Plaintiff does not allege Joseph Cory misrepresented the amount of money it paid to Plaintiff's company. Rather, Plaintiff's claim is "based only on the allegation that defendant willfully misrepresented the status of its employees by issuing them Form 1099s instead of Form W-2s." *Liverett*, 2016 WL 3582068, at *1; *see First Amended Compl.*, ¶¶ 113-116. Therefore, Plaintiff's claim fails as a matter of law.

Second, based on the plain meaning of § 7434's text, Plaintiff's claim fails because Joseph Cory filed the 1099s for Obed Transport, LLC, *not* Plaintiff. *First Amended Compl.*, ¶ 116. Again, the statute applies to "a fraudulent information return with respect to payments purported to be made to any *other person*." 26 U.S.C. § 7434(a). It then provides that "*such other person* may bring a civil action for damages

against the person so filing such return." *Id.* Under this plain language, a civil action for damages may only be brought by the person about whom the defendant filed the information return—i.e., "such other person." *Id.* Here, because Plaintiff concedes Joseph Cory filed the information return for Obed Transport, LLC, and *not* Plaintiff, Plaintiff lacks standing to bring the Tax Fraud Claim. 26 U.S.C. § 7434(a).

In short, Plaintiff's Tax Fraud Claim fails because (1) Plaintiff concedes the 1099s did not misrepresent the amount Joseph Cory paid to Plaintiff's company and (2) Plaintiff concedes Joseph Cory filed the 1099 for Obed Transport, LLC, not Plaintiff. For these reasons, Plaintiff has failed to state a claim under 26 U.S.C. § 7434 upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## III.

## CONCLUSION

Cory asks the Court to dismiss two claims for relief in Plaintiff's Complaint. Plaintiff has failed to state a claim for relief under the Florida Deceptive and Unfair Trade Practices Act because his claims under the Act are nothing more than an attempt to collect restitution of wages under a state consumer protection statute. The Act affords no standing for plaintiffs under these circumstances. Furthermore, Plaintiff's claims under Section 7434 cannot stand. Plaintiff attempts to impose liability on Cory for tax fraud, but alleges none of the facts necessary to state a claim for relief.

WHEREFORE, Cory respectfully requests that the Court grant its Motion to Dismiss and dismiss Counts II and IV of Plaintiff's First Amended Complaint with prejudice.

Dated this 17th day of October, 2016.

Respectfully submitted,

**s/ *Gregory A. Hearing***
Christopher J. Eckhart *(admitted pro hac vice)*
Indiana Bar No. 27823-49
ceckhart@scopelitis.com
Adam J. Eakman *(admitted pro hac vice)*
Indiana Bar No. 33771-49
aeakman@scopelitis.com
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Telephone: 317-637-1777
Fax: 317-687-2414

ATTORNEYS FOR DEFENDANT

GREGORY A. HEARING
Florida Bar No. 817790
ghearing@tsghlaw.com
CHARLES J. THOMAS
Florida Bar No. 986860
cthomas@tsghlaw.com
Thompson, Sizemore, Gonzalez & Hearing, P.A.
Post Office Box 639
Tampa, Florida 33601
Telephone (813) 273-0050
Facsimile (813) 273-0072

*Local Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Luis A. Cabassa
lcabassa@wfclaw.com
Wenzel Fenton Cabassa, P.A.
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Telephone: (813)224-0431
Fax: (813) 229-8712
Attorney for Plaintiff

*s/ Gregory A. Hearing*
Attorney

4830-7528-9402, v. 3