UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OBED VAZQUEZ,

    Plaintiff,

v.                                        Case No: 6:16-cv-1307-Orl-40TBS

JOSEPH CORY HOLDINGS, LLC,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Dismiss Counts II and IV of the Amended Complaint (Doc 31). Upon review of the motion, Plaintiff's response (Doc. 39), and the applicable law, I respectfully recommend that the motion be granted in part and denied in part.

### Background

Plaintiff, on behalf of himself and others similarly situated, sues for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for failure to pay overtime wages (Count I), as well as for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), FLA. STAT. § 501.201 *et seq.*(Count II), unpaid wages under Florida common law (Count III), and violation of 26 U.S.C. § 7434 ("IRS claim") (Count IV) (Doc. 28, ¶1).

According to the allegations of the Amended Complaint, Defendant operates a trucking business, providing delivery services to Best Buys in and around Osceola County, Florida. (Id. ¶7). Plaintiff is alleged to be "employed by Defendant" as a driver. (Id. ¶11). Plaintiff asserts that Defendant has a uniform policy of willfully misclassifying its

drivers as independent contractors, when these drivers are in fact, "employees" of Defendant, and as a result of that unlawful misclassification, Defendant has violated the overtime provisions of FLSA and the "plain proscriptions" of FDUTPA. (Id. ¶¶ 14-15).[1] Further, by misclassifying Plaintiff Vazquez and all similarly situated employees of Defendant as independent contractors, Defendant avoided withholding employment taxes from their earnings. Defendant also avoided paying mandatory employment taxes on their behalf, as it was legally required to do for all of its employees under the provisions of the Internal Revenue Code (Id. ¶49).

Plaintiff seeks to proceed collectively on the FLSA overtime claim, and alleges two defined Rule 23 classes:

> FDUTPA CLASS: All persons employed by JOSEPH CORY HOLDINGS, LLC as drivers in the United States of America from the four years preceding the filing of this Complaint through the date of final judgment in this action.
>
> IRS Class: All persons employed by JOSEPH CORY HOLDINGS, LLC as drivers in the United States who were classified as independent contractors rather than employees for whom Defendant filed fraudulent Form 1099s within the applicable limitations period through the date of final judgment in this action.

(Id. ¶68). He also brings a count on his own behalf for unpaid wages.

Defendant moves to dismiss the FDUTPA claim (Count II) and the IRS Claim (Count IV), asserting a lack of standing and that the statutes at issue do not provide a right of action under the facts alleged.

---

[1] Plaintiff alleges, *inter alia*, that Defendant set its drivers' work schedules, provided them with trucks and all the equipment they needed to perform their work as drivers, and provided them with daily tasks (Id. ¶27). Defendant also exercised complete control over the methods Plaintiff and other drivers used to conduct their work, the manner in which this work was completed, and the circumstances surrounding their work activities. (Id. ¶29). Plaintiff routinely worked for Defendant for 14 to 16 hours per day, at least six days per week (Id. ¶41).

## Discussion

*Standard of Review*

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled relief." This standard "does not require 'detailed factual allegations,'" but still requires "more than an unadorned, the-defendant unlawfully-harmed-me-accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)). To survive a Rule 12 motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." Id. at 550. "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard is not akin to a "probability requirement," but requires "more than a sheer possibility that a defendant has acted unlawfully". Id.

*The FDUTPA Claim*

The purpose of FDUTPA is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." FLA. STAT. § 501.202(2). "A claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice in the course of trade or commerce; (2) causation; and (3) actual damages." BPI Sports, LLC v. Labdoor, Inc., No. 15-62212-CIV-BLOOM, 2016 WL 739652, at *4 (S.D. Fla. Feb. 25, 2016).

Defendant contends that Plaintiff's claim under FDUTPA fails as a matter of law because Plaintiff is not a "consumer;" the relationship between the parties did not involve

"the conduct of any trade or commerce" under FLA. STAT. §501.202; and the Act does not provide for the relief sought here. These contentions do not survive scrutiny.

In support of its contention that Plaintiff lacks standing under the Act as he is not a consumer, Defendants rely on N.G.L. Travel Associates v. Celebrity Cruises, Inc., 764 So. 2d 672, 674 (Fla. 3d DCA 2000); Dobbins v. Scriptfleet, Inc., 2012 U.S. Dist. LEXIS 23131, 2012 WL 601145, at *4-5 (M.D. Fla. Feb. 23, 2012); Carroll v. Lowes Home Centers, Inc., 2014 U.S. Dist. LEXIS 68525, 2014 WL 1928669, at *4 (S.D. Fla. May 6, 2014); and Leon v. Tapas & Tintos, Inc., 51 F. Supp. 3d 1290, 1297 (S.D. Fla. 2014). These cases do not reflect the current state of the law. A fact readily apparent from a check of the citations. Prior to 2001, § 501.211(2) of FDUTPA provided:

> In any individual action brought **by a consumer** who has suffered a loss as a result of a violation of this part, such **consumer** may recover actual damages, plus attorney's fees and court costs as provided in s. 501.2105; however, no damages, fees, or costs shall be recoverable under this section against a retailer who has, in good faith, engaged in the dissemination of claims of a manufacturer or wholesaler without actual knowledge that it violated this part.

§ 501.211(2), FLA. STAT. (2000) (emphasis added).

In 2001, the Florida legislature modified the provision to read:

> In any action brought **by a person** who has suffered a loss as a result of a violation of this part, such **person** may recover actual damages, plus attorney's fees and court costs as provided in s.501.2105. However, damages, fees, or costs are not recoverable under this section against a retailer who has, in good faith, engaged in the dissemination of claims of a manufacturer or wholesaler without actual knowledge that it violated this part.

§ 501.211(2), FLA. STAT. (2001) (emphasis added). The 2001 amendments to FDUTPA broadened the scope of the Act "to allow any person or entity who has suffered a loss as a result of unfair or deceptive acts or practices to commence a private action for actual damages." N. Am. Clearing, Inc. v. Brokerage Computer

Sys., Inc., 666 F. Supp. 2d 1299, 1310, n. 9 (M.D. Fla. 2009) (noting that N.G.L. Travel Associates was decided prior to the 2001 amendments). Thus, pre-amendment cases are of limited utility in interpreting the new language.

While Dobbins, Carroll and Leon, were issued after the 2001 amendments, they were decided prior to three state appellate court decisions interpreting the amendments in the context of standing to sue. In Caribbean Cruise Line, Inc. v. Better Business Bureau of Palm Beach County, 169 So.3d 164 (Fla. Dist. Ct. App. 2015), Florida's Fourth District Court of Appeal determined that "the legislative change regarding the claimant able to recover under FDUTPA from a 'consumer' to a 'person' must be afforded significant meaning." Id. at 169 (holding that more than just consumers could seek monetary relief under the statute). Florida's Second District Court of Appeal reached the same conclusion in Bailey v. St. Louis, No. 2D13-612, 2016 WL 403168, *3 (Fla. Dist. Ct. App. Feb. 3, 2016) (holding that "section 501.211(2) evinces a legislative directive that the remedy of damages is not limited to a consumer."). Florida's Third District Court of Appeal also concluded that as a result of the 2001 amendments, FDUTPA "no longer requires one to be a 'consumer' to maintain an action for damages under FDUTPA." Off Lease Only, Inc. v. LeJeune Auto Wholesale, Inc., No. 3D15532, 2016 WL 717662, at *1 n.2 (Fla. Dist. Ct. App. Feb. 24, 2016). These three appellate cases erode the persuasive value of the federal cases cited by Defendant.[2]

---

[2] In reaching the conclusion that "person" applies only to consumers in the FDUTPA context, the Carroll court explicitly noted the absence of any Eleventh Circuit or Florida state court decision on point. 2014 WL 19286669 *3. As set forth above, that observation is no longer accurate. Indeed, after issuing his opinion in Leon, Judge Moreno addressed the standing issue again in Parker v. American Traffic Solutions, Inc., No. 14-CIV-24010, 2015 WL 4755175 (S.D. Fla. Aug. 10, 2015), after Caribbean Cruise was decided.

- 5 -

Federal courts have followed the state courts' interpretation of the state law and the recent trend is in favor of broader interpretation over the more limited construction found in the earlier federal cases. As Judge Bucklew recently noted in a similar case:

> Prior to 2015, three Florida federal courts addressed the issue of whether an employer's misclassification of an employee as an independent contractor could be the basis of a FDUTPA claim for damages. See Dobbins v. Scriptfleet, Inc., 2012 WL 601145, at *4-5 (M.D. Fla. Feb. 23, 2012); Carroll v. Lowes Home Centers, Inc., 2014 WL 1928669, at *4 (S.D. Fla. May 6, 2014); Leon v. Tapas & Tinto, Inc., 51 F. Supp. 3d 1290, 1297 (S.D. Fla. 2014). Those courts concluded that the plaintiffs lacked standing to sue for damages, because the FDUTPA statute only protected consumers. See id. However, after those cases were decided, two Florida courts concluded that the FDUTPA statute applies to all persons and entities that are able to prove the elements of a FDUTPA claim.[fn omitted] See Caribbean Cruise Line, Inc. v. Better Business Bureau of Palm Beach County, Inc., 169 So. 3d 164, 169 (Fla. 4th DCA 2015); Off Lease Only, Inc. v. LeJeune Auto Wholesale, Inc., 187 So. 3d 868, 870 n.2 (Fla. 3d DCA 2016). As a result, this Court no longer finds those cases to be persuasive on this issue.

---

Judge Moreno noted the impact of the state court ruling, stating:

> FDUTPA's individual remedies provision states that "[i]n any action brought by a person who has suffered a loss as a result of a violation of this part, such person may recover actual damages ...." Fla. Stat. § 501.211(2). The Vendors ask the Court to adopt a conservative reading of the statute, under which only "consumers" can bring claims for FDUTPA violations. By this interpretation, only Plaintiffs who paid a convenience fee to use the Vendors' payment system would be entitled to relief. E.g., Leon v. Tapas & Tintos, Inc., 51 F. Supp. 3d 1290, 1297 (S.D. Fla. 2014).
>
> **The Florida Fourth District Court of Appeals satisfied the Court's need for guidance in Caribbean Cruise Line, Inc. v. Better Business Bureau of Palm Beach County, Inc.,** where the court held that a person does not have to be a "consumer" to bring a FDUTPA claim. No. 4D13-3916, 2015 WL 3480114, at *5 (Fla. Dist. Ct. App. June 3, 2015).[fn omitted] In keeping with the terms of the statute, "the [Florida] legislature no longer intended FDUTPA to apply to only consumers, but to other entities able to prove the remaining elements of the claim as well." Id. at *4. Here, the Plaintiffs allege that the Vendors offered a service that enabled them to pay unlawful fines, and that the Vendors offered this service in a deceptive manner. While some Plaintiffs did not pay to use the Vendors' service, all Plaintiffs were injured when they used this service to pay a $158 fine that they did not owe. These pleadings satisfy the remaining elements of a FDUTPA claim.

Parker, 2015 WL 4755175, at *3 (S.D. Fla. Aug. 10, 2015), *appeal dismissed*, 835 F.3d 1363 (11th Cir. 2016) (emphasis added).

Francois v. Gulf Coast Transp., Inc., No. 8:16CV1061-T-24TBM, 2016 WL 4097108, at *4 (M.D. Fla. Aug. 2, 2016);[3] see also Bishop v. VIP Transp. Grp., LLC, No. 615CV2118-ORL-22KRS, 2016 WL 1253734, at *2-3 (M.D. Fla. Mar. 15, 2016), *report and recommendation adopted sub nom.*, 2016 WL 1244725 (M.D. Fla. Mar. 30, 2016) (noting that the federal decisions were decided "without the benefit of the analyses of the Florida District Courts of Appeal"); BIP Sports, LLC v. Labdoor, Inc., No. 15-6222-12-CIV-BLOOM, 2016 WL 739652 *4-5 (S. D. Fla. Feb. 25, 2016) (citing Caribbean Cruise and aligning itself with cases that construe the Act liberally, as "the legislature's switch from 'consumer' to 'person' evinces an intention to expand §501.211(2) protections to non-consumers.").

"Absent a clear decision from the Florida Supreme Court on this issue, 'we are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently.'" Nunez v. Geico Gen. Ins. Co., 685 F.3d 1205, 1210 (11th Cir.2012), quoting McMahan v. Toto, 311 F.3d 1077, 1080 (11th Cir.2002). There is no decision from the Florida Supreme Court and I see no indication that it would decide the issue differently from the three appellate courts. Accordingly, I find that the fact that Plaintiff is not a consumer does not bar his suit.

Defendant next contends that Plaintiff's FDUTPA claim must fail as no trade or commerce has taken place between Plaintiff and Defendant. Again, Defendant relies on cases which predate the 2001 amendments to the Act and a more liberal construction is found in the more recent cases. See e.g. E-Ventures

---

[3] The law firm representing Defendant was counsel of record for the defendant in the Francois case. Consequently, it knew of the decision and had an ethical duty to bring it to the Court's attention. Disturbingly, the case is not mentioned in Defendant's motion.

Worldwide, LLC v. Google, Inc., 2016 U.S. Dist. LEXIS 62855, *22-23 (M.D. Fla. May 12, 2016) (noting "[t]he predominant trend is to interpret the amendment as the legislature's intent to broaden the scope of FDUPTA, allowing any person or entity that has suffered a loss as a result of unfair or deceptive acts or practices to sue for damages, whether or not a 'consumer.'"); True Title, Inc. v. Blanchard, No. 6:06-CV-1871-ORL-19D, 2007 WL 430659, at *4 (M.D. Fla. Feb. 5, 2007) ("the Court cannot agree with Nations Direct's contention that True Title is barred from seeking damages under the FDUTPA and has failed to state a cause of action because no consumer transaction is involved. The plain language of Section 501.211(2) does not bar such relief, and Plaintiff has cited no post-2001 cases which hold that the amendments to the FDUTPA bar such claim."): Seijo v. Casa Salsa, Inc., No. 12-60892-CIV, 2013 WL 6184969, at *5-6 (S.D. Fla. Nov. 25, 2013) (in an action alleging violation of the Act by misclassifying employee as independent contractor, noting that FDUTPA prohibits a very broad range of activities and the fact that no consumer transaction was involved in the failure to accurately characterize the plaintiff as an employee is "immaterial.").

Plaintiff alleges that Defendant is engaged in trade or commerce and engaged in unfair methods of competition, unconscionable acts or practices and unfair or deceptive acts or practices in the conduct of its trade or commerce by misclassifying Plaintiff and all members of the class as independent contractors (Doc. 28 ¶¶ 97-100). Construing the Amended Complaint liberally, as required, I find these allegations sufficient to withstand dismissal for failure to state a claim under the Act.

Defendant's final contention on this count is that the claim should be dismissed because Plaintiff cannot recover the damages he seeks as "the Florida Deceptive and Unfair Trade Practices Act was not intended to provide recovery for monetary damages related to employment or the loss of employment," citing Bishop, supra.

In order to state a monetary claim for a violation of FDUTPA, a plaintiff must allege actual damages. Bishop, 2016 WL 4435700, at *4-5 (noting that this does not include special damages). Florida courts hold that actual damages in the FDUTPA context consist of "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." Baptist Hosp., Inc. v. Baker, 84 So. 3d 1200, 1204 (Fla. Dist. Ct. App. 2012) quoting Rollins v. Heller, 454 So.2d 580, 585 (Fla. Dist. Ct. App. 1984). Plaintiff seeks as damages, "the difference in the market value of service provided in terms of lost benefits, wages, and other remuneration due employees but not due independent contractors" (Doc. 28, ¶107). While I agree that no plaintiff is entitled to duplicate relief in the form of wage restitution via both the FLSA and FDUTPA claim, at this stage of the proceeding, the allegations with respect to the FDUTPA claim are sufficient to withstand dismissal.

I therefore recommend that the motion be **denied** as to the FDUTPA claim.

*The IRS Claim*

"If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434. Defendant argues

that § 7434 does not provide a private cause of action based on the allegation that the defendant intentionally filed a Form 1099 Misc for a misclassified employee, and Plaintiff lacks standing, in any event. Upon review, I agree that the instant complaint cannot support standing by this Plaintiff.

According to the allegations of the operative complaint, Defendant issued an informational return Form 1099 MISC directly to the IRS on behalf of "Plaintiff." During the course of this employment with Defendant, Defendant filed false information returns for "Plaintiff" with the IRS which misclassified him as an independent contractor. Importantly, Plaintiff alleges that: "Those returns were filed by Defendant *not using Plaintiff's name, instead they were filed annually by Defendant in 2014 and 2015 using Obed Transport, LLC, a limited liability company* Defendant required Plaintiff to set up *through which it paid Plaintiff* and used to consummate its misclassification scheme."(Id. ¶¶115-116 - emphasis added). Treating this well-pled allegation as true, the payments were made to an LLC, not to Plaintiff; and the IRS return pertained to payments made to the LLC, not to Plaintiff. As such, Plaintiff is not "such other person" within the language of this provision and Plaintiff has not otherwise established that he has standing to pursue any claim for violation of this statute.[4] It is therefore recommended that the motion be **granted** as to the IRS claim.[5]

---

[4] Standing under Article III has three elements: (1) "the plaintiff must have suffered an injury in fact–an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;" (2) "there must be a causal connection between the injury and the conduct complained of–the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court;" and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) (alterations, citations, and quotation marks omitted). Here, the cause of action, as defined in the statute, belongs to the aggrieved subject of the allegedly false information return.

[5] In view of this conclusion, I do not reach the merits of the claim. I note, however, that a party without standing to assert an alleged claim is not likely to be an appropriate class representative, to the

### Recommendation

For the reasons set forth above, it is respectfully recommended that the motion be **denied**, as to the FDUTPA claim (Count II), and **granted** as to the IRS claim (Count IV), and Count IV should be dismissed with leave to amend.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 10, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record

---

extent the claim is pled as a purported class action.