## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| OBED VAZQUEZ, on behalf of himself and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) JOSEPH CORY HOLDINGS, LLC, ) ) Defendant. ) _____ ) | Case No. 6:16-cv-01307-PGS-TBS |

## DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant, Joseph Cory Holdings, LLC, respectfully files its objections to the Magistrate Judge's Report and Recommendation, entered on November 10, 2016 (Doc. 42) (the "Report"), relating to Defendant's Motion to Dismiss Counts II and IV of the Amended Complaint (Doc. 31).

Defendant's Objection is limited to the Report's denial of Joseph Cory's request to dismiss Plaintiff's claim under the Florida Unfair Trade Practices Act (the "Act"). In short, the Court must decide the proper scope of a Florida consumer protection law. Plaintiff seeks to impose liability on Cory under the Act for allegedly misclassifying him as an independent contractor rather than an employee. But the Act is a consumer protection law designed to provide a remedy for consumers who have been swindled by unscrupulous businesses. It does not provide a remedy for employees seeking redress for grievances against an employer. And it certainly is not a means for parties seeking restitution of unpaid wages. For the following reasons, Cory asks the Court to sustain Defendant's objection and

grant Joseph Cory's Motion to Dismiss in full.

## I.

## INTRODUCTION

On September 30, 2016, Plaintiff, Obed Vazquez, filed the First Amended Complaint ("Complaint") (Doc. 28) asserting four causes of action tied to his theory that Cory misclassified him as an independent contractor. In Count II, Plaintiff asserted Cory violated the Act. In Count IV, Plaintiff alleged Cory filed fraudulent tax returns under 26 U.S.C. § 7434.

On October 17, 2016, Cory filed a Motion to Dismiss asking the Magistrate Judge to dismiss Counts II and IV of the Complaint (Doc. 31). On November 10, 2016, the Magistrate Judge recommended that the Court dismiss Count IV of the Complaint, but allow Count II to survive (Doc. 42). Cory files this objection asking the Court to dismiss not only Count IV of the Complaint, but Count II as well.

## II.

## ARGUMENT

### A.

### Under the Act, the Florida Legislature intended to grant standing only to consumers.

The Act is a consumer protection statute. The express purpose of the Act is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition." § 501.202, Fla. Stat. The Act has a limited scope, and

applies only to consumers.[1] As a consumer protection statute, only consumers have standing to sue under the Act. *N.G.L. Travel Associates v. Celebrity Cruises, Inc.*, 764 So. 2d 672, 674 (Fla. 3d DCA 2000).

Here, the parties agree Plaintiff is not a consumer. Rather, Plaintiff argued, and the Report agreed, that "the fact that Plaintiff is not a consumer does not bar his suit." (Doc. 42, at p. 7). While not challenging the reasoning of *N.G.L.* and other cases which have held that only consumers have standing to sue under the Act, the Report held that all pre-2001 cases "are of limited utility" because the Florida Legislature had since reversed course and, through a 2001 amendment to the Act (the "2001 Amendment"), expanded the scope of the Act to non-consumers (Doc. 42, at p. 5). Citing a statement made in dicta in a footnote of a recent Florida state court decision, the Report stated that "as a result of the 2001 amendments, [the Act] 'no longer requires one to be a consumer to maintain an action for damages under [the Act].'" (*Id.*, c*iting Off Lease Only, Inc. v. LeJeune Auto Wholesale, Inc.*, 187 So. 3d 868, 870 n. 2 (Fla. 3d DCA 2016)). The Report's analysis suffers from two flaws.

First, the Report's holding does not adequately address the numerous cases, decided *after* the 2001 Amendment, holding that the Act grants standing only to consumers.[2] These

---

[1] *See Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006) ("[a] deceptive practice is one that is 'likely to mislead' *consumers*")*; Martinez v. Rick Case Cars, Inc.*, 278 F. Supp. 2d 1371, 1373 (S.D. Fla. 2003) ("the clear intent of the Act as expressed by its plain language is to provide both equitable and legal remedies *to private consumers*"); *In re Maxxim Medical Group, Inc.*, 434 B.R. 660, 692 (M.D. Fla. Bkrtcy. 2010) ("[the Act] is a *consumer protection statute*"); *Fonte v. AT&T Wireless Services, Inc.*, 903 So. 2d 1019, 1024 (Fla. 4th DCA 2005) ("the Act is a remedial statute designed to protect *consumers*").
[2] These cases are *Dobbins v. Scriptfleet, Inc.*, 2012 U.S. Dist. LEXIS 23131, 2012 WL 601145, at **4-5 (M.D. Fla. Feb. 23, 2012); *Carroll v. Lowes Home Centers, Inc.*, 2014

courts considered the 2001 Amendment in their opinions, but concluded that the 2001 Amendment preserves the original scope of the Act and bars standing for non-consumers. While a handful of subsequent state court decisions have held otherwise, these cases merely represent a split in interpreting Florida law. In navigating this split, the court's analysis in *Taft v. The Dade Cty. Bar Ass'n, Inc.*, No. 1:15-CV-22072-KMM, 2015 WL 5771811, at *3 (S.D. Fla. Oct. 2, 2015), is instructive. There, the court noted that Florida's federal district courts are divided regarding whether the 2001 Amendment extends the Act to non-consumers, citing both *Carroll* and *Leon. Id.* at *4. Nonetheless, the court held that "[g]iven the overwhelming weight of authority in favor of a narrow reading, this Court holds that 'person' in section 501.211(2) means only 'consumers,' including businesses that are consumers, and the [the Act] applies only to a consumer . . . ." *Id.*, at *4. Cory respectfully submits that the Report should have followed *Taft* and the "overwhelming weight of authority" holding that only consumers have standing to sue under the Act.

Second, the legislative history of the 2001 Amendment demonstrates that, with the 2001 Amendment, the Florida Legislature still intended that the Act only provide standing to consumers. The committee amending the Act noted that, while the Legislature's purpose in creating the Act was to afford consumer protection to both individuals and businesses, "courts have been inconsistent in their interpretations of the statute and its protections of businesses." Senate Staff Analysis, CS/SB 208, Mar. 22, 2001, at p 2. To remedy this inconsistency, the committee removed "the word 'consumer' where it appears in the text

---

U.S. Dist. LEXIS 68525, 2014 WL 1928669, at *4 (S.D. Fla. May 6, 2014); and *Leon v. Tapas & Tintos*, Inc., 51 F. Supp. 3d 1290, 1297 (S.D. Fla. 2014).

of the statute and substitute[d] the word 'person.'" *Id.* at p. 6. The committee then stated its sole reason for making this change: "to clarify that the remedies available to individuals under the [the Act] are also available to businesses that are harmed by a violation of the [the Act]." *Id.*

The Report's analysis construed the purpose of the 2001 Amendment to broaden the scope of the Act to allow standing to non-consumers. But this was never the purpose of the 2001 Amendment. In *Kertesz v. Net Transactions, Ltd.*, 635 F. Supp. 2d 1339, 1349-50 (S.D. Fla. 2009), the court extensively surveyed the 2001 Amendment and its legislative history and held that the 2001 Amendment was not intended to expand the scope of the Act beyond consumers. In fact, courts which have considered the legislative history in their opinions—the cases cited by Cory—consistently have held that the 2001 Amendment does not afford standing to non-consumers.[3] Courts which have held that the 2001 Amendment provides standing to non-consumers—including the cases cited by the Report—failed to consider the legislative history.[4] In light of this history, the Court should sustain Joseph Cory's objection to the Report.

---

[3] These cases are *Dobbins*, 2012 WL 601145, at *5; *Carroll*, 2014 WL 1928669, at *4; *Leon*, 51 F. Supp. 3d at 1297; *Kertesz*, 635 F. Supp. 2d at 1349–50; and *Taft*, 2015 WL 5771811, at *4. These cases cite to the Senate Staff Analysis in their opinions.

[4] These cases are *Caribbean Cruise Line, Inc. v. Better Business Bureau of Palm Beach County*, 169 So. 3d 164 (Fla. 4th DCA 2015); *Off Lease Only*, 187 So. 3d at 870 n.2; *Francois v. Gulf Coast Transp., Inc.*, No. 8:16CV1061-T-24TBM, 2016 WL 4097108, at *4 (M.D. Fla. Aug. 2, 2016); *Bailey v. St. Louis*, 196 So. 3d 375, 382-83 (Fla. 2d DCA 2016); *Bishop v. VIP Transp. Grp., LLC*, No. 615CV2118-ORL-22KRS, 2016 WL 1253734, at *2–3 (M.D. Fla. Mar. 15, 2016). None of these opinions cite to the Senate Staff Analysis, or to any other legislative history.

**B.**

**Even if the scope of the Act is broadened to afford standing to non-consumers, Plaintiff failed to sufficiently plead damages.**

Even if Plaintiff could assert a claim under the Act, he failed to sufficiently allege damages. The Act authorizes a person who has "suffered a loss" as a consequence of a violation of the statute to recover "actual damages." § 501.211(2), Fla. Stat. In this context, "actual damages" are "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *Smith v. 2001 South Dixie Highway, Inc.,* 872 So. 2d 992, 994 (Fla. 4th DCA 2004).

Plaintiff's Complaint fails to seek the type of damages recoverable under the Act. The Complaint on its face seeks restitution, not actual damages. Plaintiff asks the Court to "restore . . . the money and property which Defendant has acquired" that he alleges are owed to him. *Compl.*, ¶ 103. As a claim for restitution, the Court should dismiss Plaintiff's claims under the Act.

While the Report allowed the Complaint to survive under the premise that Plaintiff sought "the difference in the market value of service provided in terms of lost benefits, wages, and other remuneration due employees but not due independent contractors," this too is untenable. The only benefit, wage, or other remuneration due employees that Plaintiff allege Cory retained was employment taxes. *Compl.*, ¶ 107. But this claim must fail, because state law claims brought in order to recover taxes resulting from the misclassification of an employee are preempted by Federal law. *Mann v. Falk*, No. 2:11-cv-14432-KMM, 2012 WL 4896726 (S.D. Fla. Oct. 15, 2012) (finding unjust enrichment

6

claim against employer relating to employee's alleged misclassification as an independent contractor was preempted by the Federal Insurance Contributions Act). Plaintiff did not state any other benefits he was denied as an independent contractor, and even more critically, failed to allege that he would have received more wages if he were hired as an employee. Therefore, even if the Court were to agree that Plaintiff is entitled to lost benefits, wages, and other remuneration, Count II should still be dismissed because Plaintiff failed to allege the existence of any lost benefits, wages, or remuneration.

## III.
## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendant, Joseph Cory Holdings, LLC, respectfully requests that the Court sustain its objection to the Magistrate Judge's Recommendation and Report and enter an Order granting its Motion to Dismiss Counts II and IV of Plaintiff's First Amended Complaint with prejudice.

Dated this 23rd day of November, 2016.

>Respectfully submitted,
>
>**s/ *Gregory A. Hearing***
>GREGORY A. HEARING
>Florida Bar No. 817790
>ghearing@tsghlaw.com
>CHARLES J. THOMAS
>Florida Bar No. 986860
>cthomas@tsghlaw.com
>Thompson, Sizemore, Gonzalez & Hearing, P.A.
>Post Office Box 639
>Tampa, Florida 33601
>Telephone (813) 273-0050
>Facsimile (813) 273-0072
>
>*Local Counsel*
>
>Christopher J. Eckhart *(admitted pro hac vice)*
>Indiana Bar No. 27823-49
>ceckhart@scopelitis.com
>Adam J. Eakman *(admitted pro hac vice)*
>Indiana Bar No. 33771-49
>aeakman@scopelitis.com
>Scopelitis, Garvin, Light, Hanson & Feary, P.C.
>10 West Market Street, Suite 1400
>Indianapolis, IN 46204
>Telephone: 317-637-1777
>Fax: 317-687-2414
>
>ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of November, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Luis A. Cabassa
lcabassa@wfclaw.com
Wenzel Fenton Cabassa, P.A.
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Telephone: (813)224-0431
Fax: (813) 229-8712
Attorney for Plaintiff

*s/Gregory A. Hearing*
Attorney

4826-0148-9725, v. 8