**They UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

OBED VAZQUEZ, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.                                              Case No:  6:16-cv-1307-Orl-40TBS

JOSEPH CORY HOLDINGS, LLC,

    Defendant.
_____

**ORDER**

This cause comes before the Court on the following:

1. Defendant's Motion to Dismiss First Amended Complaint and Memorandum of Law in Support (Doc. 31), filed October 17, 2016;

2. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 42), filed November 10, 2016;

3. Plaintiff's Partial Objection to the Report and Recommendation on Defendant's Motion to Dismiss (Docs. 48), filed November 23, 2016;

4. Defendant's Objections to Magistrate Judge's Report and Recommendation (Doc. 49), filed November 23, 2016; and

5. Plaintiff's Motion for Rule 23 Class Certification (Doc. 32), filed October 20, 2016.

**I.   BACKGROUND[1]**

Defendant, Joseph Cory Holdings, LLC ("Cory"), operates a trucking business which provides delivery services to Best Buy stores throughout Osceola County, Florida. During the relevant time period, Cory employed Plaintiff, Obed Vazquez ("Vazquez"), as a driver. Vazquez claims that Cory has a policy of willfully misclassifying its drivers—including Vazquez—as independent contractors, when these drivers are in fact employees. As a result of this misclassification, Vazquez contends that Cory has injured its drivers by failing to properly withhold employment taxes, failing to pay mandatory employment taxes on the drivers' behalf, inhibiting drivers' rights to seek worker's compensation and unemployment benefits, and reducing drivers' contributions to Social Security and Medicare.

On July 21, 2016, Vazquez initiated this lawsuit against Cory, asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201–.213, the Florida common law with respect to payment of wages, and § 7434 of the Internal Revenue Code (the "IRS claim"). Vazquez additionally brings his FLSA claim as a putative collective action and his FDUTPA and IRS claims as putative class actions, in which he seeks to vindicate the rights of other drivers who were also subjected to Cory's allegedly unlawful misclassification policy.

---

[1] This account of the facts is taken from Plaintiff's First Amended Complaint (Doc. 28), the factual allegations of which the Court must accept as true when considering Defendant's motions to dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992).

On October 17, 2016, Cory filed a motion to dismiss Vazquez's FDUTPA and IRS claims. Upon reviewing Cory's motion, Magistrate Judge Thomas B. Smith recommends that the motion be granted in part and denied in part, and that the IRS claim be dismissed due to Vazquez's lack of standing. Additionally, on October 20, 2016, Vazquez moved to certify his FDUTPA and IRS claims as class actions.

## II.     STANDARDS OF REVIEW

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. In order to survive a Rule 12(b)(6) motion, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The mere recitation of the elements of a claim is not enough, and the district court need not give any credence to legal conclusions that are not supported by sufficient factual material. *Id.* District courts must accept all well-pleaded allegations within the complaint and any documents attached thereto as true and must read the complaint in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam).

When a magistrate judge has been designated to decide a matter that is dispositive in nature, as is the case here, the magistrate judge must issue a report to the district judge specifying the magistrate judge's proposed findings of fact and the recommended disposition. Fed. R. Civ. P. 72(b)(1). Any party who disagrees with the magistrate judge's decision has fourteen days from the date of the decision to seek the district judge's review

by filing objections to those specific portions of the decision with which the party disagrees.  Fed. R. Civ. P. 72(b)(2).  The district judge must then make a de novo determination of each issue to which objection is made.  Fed. R. Civ. P. 72(b)(3).  De novo review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (per curiam).  The district judge may then accept, reject, or modify the magistrate judge's recommendation, receive additional evidence or briefing from the parties, or return the matter to the magistrate judge for further review.  Fed. R. Civ. P. 72(b)(3)

Lastly, federal courts are courts of limited jurisdiction, meaning that they are conscribed to hearing only those types of cases and controversies specifically enumerated by Article III of the United States Constitution or otherwise granted to them by the United States Congress.  *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).  As such, a federal court is obligated to ensure that it has subject matter jurisdiction at all times during the proceedings, and the court may examine its jurisdiction with or without a party's urging.  *Id.*

### III. DISCUSSION

#### A. The FDUTPA Claim

Cory moves to dismiss Vazquez's FDUTPA claim for two reasons: (1) Vazquez lacks standing to bring the claim because he is not a consumer within the meaning of the statute, and (2) Vazquez fails to state a plausible claim for relief.  While the Magistrate Judge found neither of these two arguments persuasive and recommended that the FDUTPA claim be allowed to proceed, the undersigned finds that jurisdictional reasons counsel in favor of dismissal.

When a district court has original jurisdiction over a case, the court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Notwithstanding, the court may decline to exercise supplemental jurisdiction over a claim if any of the following circumstances are present:

(1) [T]he claim raises a novel or complex issue of State law,

(2) [T]he claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) [T]he district court has dismissed all claims over which it has original jurisdiction, or

(4) [I]n exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c)(1)–(4); *see also Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1569 (11th Cir. 1994) (observing that courts are required to exercise supplemental jurisdiction over pendent claims unless any of these four circumstances exist, in which case the court has discretion to decline the exercise of supplemental jurisdiction). If the district court determines that one of the enumerated reasons for declining supplemental jurisdiction is present, the court should additionally consider equitable factors such as judicial economy, convenience, and fairness to the parties in deciding whether to employ its discretion to decline supplemental jurisdiction. *Palmer*, 22 F.3d at 1569.

Here, the Court finds that it should not exercise supplemental jurisdiction over Vazquez's FDUTPA claim because the claim would substantially predominate over the FLSA claim which invokes the Court's original jurisdiction. *See* 28 U.S.C. § 1367(c)(2). "A federal court will find substantial predominance when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage."

*Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 744 (11th Cir. 2006) (quoting *McNerny v. Neb. Pub. Power Dist.*, 309 F. Supp. 2d 1109, 1117–18 (D. Neb. 2004)). Important factors for a court to compare in this regard include the elements required to prove each claim, the number of plaintiffs who pursue each claim, and the burden the court must shoulder in managing each claim.  *See Bishop v. VIP Transp. Grp., LLC*, No. 6:15-cv-2118-Orl-22KRS, 2016 WL 4435700, at *3–4 (M.D. Fla. Aug. 2, 2016), *report and recommendation adopted*, 2016 WL 4382694 (M.D. Fla. Aug. 17, 2016).

To begin, Vazquez's FDUTPA and FLSA claims require different elements of proof. In order to prevail on his FDUTPA claim, Vazquez will need to prove that (1) Cory committed a deceptive act or engaged in an unfair practice (2) which caused (3) actual damages.  *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 984 (11th Cir. 2016).  Importantly, the proof required to establish that Cory's conduct was deceptive or unfair will be particularly fact-intensive, requiring Vazquez to convince the jury that Cory's policy of misclassifying employees as independent contractors would either deceive an objectively reasonable person or offend public policy in a way that is immoral, unethical, oppressive, unscrupulous, or substantially injurious.  *See PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003).  In contrast, to prevail on his FLSA claim, Vazquez need only establish that he was employed by Cory and Cory failed to pay him wages to which he is legally entitled, a relatively straightforward task.  *See Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007).  This incongruity informs the Court that the FDUTPA claim substantially predominates over the FLSA claim.

Moreover, Vazquez brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) and his FDUTPA claim as a class action pursuant to Federal Rule of

Civil Procedure 23. The procedures governing each type of aggregate litigation could not be more different. The FLSA collective action requires plaintiffs to affirmatively opt into the lawsuit so they can pursue their own rights, following which the court determines whether the lawsuit should proceed on an aggregate basis or be decertified; alternatively, the Rule 23 class action allows the named plaintiff to pursue the rights of absent class members, and class members must affirmatively exclude themselves from the lawsuit if they do not wish to be bound by the result. *See* Daniel C. Lopez, Note, *Collective Confusion: FLSA Collective Actions, Rule 23 Class Actions, and the Rules Enabling Act*, 61 Hastings L.J. 275, 277–78, 289 (2009); *cf. LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975) (observing that the FLSA collective action and Rule 23 class action mechanisms "are mutually exclusive and irreconcilable"). Although hybrid collective action/class action lawsuits are certainly permissible, it is well-settled that such lawsuits should only be allowed to proceed "where . . . the essential facts and issues regarding each set of claims are likely to be the same and [the] proceedings are not likely to be rendered unduly burdensome by inclusion of both sets of claims." *Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270, 1277 (S.D. Fla. 2012) (citation omitted). As explained above, Vazquez's FLSA and FDUTPA claims require proof of significantly different elements. Additionally, the dichotomy between managing the opt-in plaintiffs for Vazquez's FLSA collective action on the one hand and facilitating notice to the opt-out plaintiffs in Vazquez's FDUTPA class action on the other hand would render these proceedings burdensome and inefficient.

      The burden of allowing Vazquez's claims to proceed in hybrid fashion would be further compounded by the fact that Vazquez's FLSA claim is subject to a two- or three-

year statute of limitations, *see* 29 U.S.C. § 255(a), while his FDUPTA claim is subject to a four-year statute of limitations, *see Tiger v. Dynamic Sports Nutrition*, LLC, No. 6:15-cv-1701-Orl-41TBS, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016).  As a result, Vazquez's FDUTPA class action would be larger than his FLSA collective action, again demonstrating that the state law FDUTPA claim substantially predominates over the FLSA claim.  *See, e.g.*, *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311–12 (3d Cir. 2003) (finding that the district court abused its discretion by exercising supplemental jurisdiction over pendent state law class action where the plaintiffs pursuing the class action far outnumbered the plaintiffs pursuing the FLSA collective action which invoked the federal court's original jurisdiction); *Santiago v. Wm. G. Roe & Sons, Inc.*, No. 8:07-CV-1786-T-27MAP, 2008 WL 2944921, at *2 (M.D. Fla. July 29, 2008) (declining to exercise supplemental jurisdiction in similar circumstances).

Having found that Vazquez's FDUTPA claim substantially predominates over his FLSA claim and that the Court consequently has discretion to decline supplemental jurisdiction, the Court further finds that equitable considerations do not counsel in favor of the exercise of jurisdiction.  It is still early in the proceedings and neither Vazquez nor the putative class members will be prejudiced should the Court dismiss the FDUTPA claim, as 28 U.S.C. § 1367(d) tolls the statute of limitations so the claim can be brought in state court.  Moreover, Florida's state courts are well-equipped to adjudicate state law FDUTPA class actions such as what Vazquez has asserted in this Court.  Accordingly, the Court will decline to exercise supplemental jurisdiction and will dismiss Vazquez's FDUTPA claim.

### B. The IRS Claim

Next, Cory moves to dismiss Vazquez's IRS claim for two reasons: (1) Vazquez fails to state a claim under 26 U.S.C. § 7434, and (2) Vazquez lacks standing to bring the claim. In his report, Magistrate Judge Smith found that the factual allegations contained within the Amended Complaint fail to sufficiently allege Vazquez's standing to bring the IRS claim, and the undersigned agrees.

The Internal Revenue Code provides the following cause of action with respect to certain documents fraudulently filed with the IRS:

> If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, **such other person** may bring a civil action for damages against the person so filing such a return.

26 U.S.C. § 7434(a) (emphasis added). As observed by the Magistrate Judge, and as emphasized above, "the cause of action . . . belongs to the aggrieved subject of the allegedly false information return." (Doc. 42, p. 10 n.4). However, the Amended Complaint avers that it was not Vazquez who was the subject of the information returns Cory allegedly filed with the IRS, but a limited liability company Cory required Vazquez to organize to receive his pay. (Doc. 28, ¶¶ 115–116). And while Vazquez might be the sole member of this limited liability company—and therefore might have standing as a result—the Amended Complaint's allegations are not sufficient to establish this fact. Accordingly, the Court finds that the IRS claim must be dismissed.

Acknowledging that the Amended Complaint's content might not be enough to demonstrate his standing to bring the IRS claim, Vazquez requests leave to file a Second Amended Complaint so that he can either add the limited liability company as a plaintiff to pursue the claim or state additional allegations showing that he has the legal authority

to pursue the IRS claim as the company's sole member. Since the pleading deadline had not yet passed when Vazquez made his request, the Court will grant leave to amend.

### C. The Motion to Certify Class Action

As a final matter, Vazquez has filed a motion to certify his FDUTPA and IRS claims as class actions pursuant to Rule 23. In light of the Court's decision to dismiss both claims, the Court will also deny the motion to certify at this juncture. Vazquez will be permitted to renew his motion to certify following the filing of his Second Amended Complaint. *See* M.D. Fla. R. 4.04(c) (authorizing the Court to postpone the certification of a class pending the resolution of other preliminary procedures or as the Court finds appropriate given the circumstances of the case).

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Partial Objection to the Report and Recommendation on Defendant's Motion to Dismiss (Doc. 48) is **OVERRULED**.

2. Defendant's Objections to Magistrate Judge's Report and Recommendation (Doc. 49) are **OVERRULED AS MOOT**.

3. The Magistrate Judge's November 10, 2016 Report and Recommendation (Doc. 42) is **ADOPTED IN PART** and incorporated into this Order to the extent the Magistrate Judge recommends dismissing Count IV for lack of standing.

4. Defendant's Motion to Dismiss First Amended Complaint (Doc. 31) is **GRANTED IN PART**. Count IV of Plaintiff's First Amended Complaint is **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's lack of standing.

5. The Court declines to exercise supplemental jurisdiction over Count II of Plaintiff's First Amended Complaint.  Count II is therefore **DISMISSED WITHOUT PREJUDICE** with leave for Plaintiff to file his claim in state court as permitted by 28 U.S.C. § 1367(d).

6. Plaintiff's Motion for Rule 23 Class Certification (Doc. 32) is **DENIED WITHOUT PREJUDICE**.

7. Plaintiff has **fourteen (14) days** from the date of this Order to file a Second Amended Complaint which fixes the deficiencies resulting in the dismissal of Count IV.  Plaintiff has **fourteen (14) days** from the filing of his Second Amended Complaint to renew his motion to certify a class action.

**DONE AND ORDERED** in Orlando, Florida on March 2, 2017.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

The Honorable Magistrate Judge
Counsel of Record