## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**OBED VAZQUEZ, on behalf of himself**
**and on behalf of all others**
**similarly situated,**

     **Plaintiff,**

                             **Case No.:  6:16-cv-1307-ORL-40-TBS**

**v.**

**JOSEPH CORY HOLDINGS, LLC,**

     **Defendant.**

_____/

### JOINT MOTION TO APPROVE FLSA SETTLEMENTS, AND FOR DISMISSAL OF ALL CLAIMS WITH PREJUDICE

Named Plaintiff, OBED VAZQUEZ, Opt-in Plaintiffs PEDRO ZAYAS, PABLITO SANTIAGO, EDWIN SANTIAGO, and FERNANDO COPLIE ("Plaintiff" and "Opt-In Plaintiffs," collectively "Plaintiffs"), and Defendant, JOSEPH CORY HOLDINGS, LLC ("Defendant") (collectively, the "Parties"), by their respective counsel, and pursuant to this Court's March 30, 2017, Order, move for approval of the Settlement Agreements executed by the Parties, and for dismissal with prejudice of all claims in this case. In support of their Motion, the Parties state as follows:

1.     Named Plaintiff OBED VAZQUEZ filled the instant lawsuit on July 14, 2016.

2.     On September 30, 2016, Plaintiff filed an Amended Complaint, alleging that Defendant misclassified Plaintiff as an independent contractor and that, as a result of the misclassification, Defendant failed to pay Plaintiff overtime wages for all hours he worked in excess of forty in a work week.

3.     The Amended Complaint includes four Counts: Count I – FLSA Overtime Violations, Count II – Violations of the Florida Deceptive and Unfair Trade Practices Act

("FDUTPA"), Count III – Unpaid Wages under Florida Common Law, and Count IV – Violation of 26 U.S.C. § 7434(a), which provides a civil remedy for the filing of false information returns with the IRS.

4.      During the litigation, Plaintiffs PEDRO ZAYAS, PABLITO SANTIAGO, EDWIN SANTIAGO, and FERNANDO COPLIE retained the undersigned counsel and filed a Notice of Opt-in on April 20, 2017. Thus there are a total of five Plaintiffs.

5.      Defendant denies Plaintiffs were misclassified and are owed overtime compensation.  Specifically, Defendant contends that Plaintiffs at all times were independent contractors rather than employees.  As a result, Defendant also contends that it did not violate either FDUTPA or 26 U.S.C. § 7434(a) as Plaintiffs were properly classified as 1099 independent contractors and, thus, it further could not have "willfully" violated 26 U.S.C. § 7434(a). Defendant additionally denies that it engaged in unfair or deceptive practices in violation of FDUTPA.

6.      During Defendant's negotiations with Plaintiffs, Defendant's counsel raised a number of significant issues with Plaintiffs' counsel that could have prohibited Plaintiffs from recovering any money whatsoever under any of the claims.

7.      As to the FLSA claims especially, Defendant provided the following defenses that created issues with the FLSA claims made by each Plaintiff:

- the number of hours allegedly worked by Plaintiffs;

- the "Motor Carrier Exemption" ("MCE") to the FLSA, which would render Plaintiffs ineligible for overtime; and

- the "good faith" affirmative defense. This was especially important here because of Defendant's position on Plaintiffs' classification as independent contractors rather than employees.

8.      These defenses became central to the negotiations. If Defendant prevailed on its MCE defense, Plaintiffs' claims would have been barred entirely by 29 U.S.C. § 259(a). Further, if Defendant established its "good faith" defense, liquidated damages would not be available even if Plaintiffs prevailed.

9.      To avoid the risks and unknowns, as well as the costs of protracted litigation, the Parties desire to fully and finally resolve this action with prejudice, as to all counts, claims, and parties.  After a full review of the facts and information, the Parties, who have been represented by experienced counsel at all times, agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues.

10.     The complete breakdown of recovery for each Plaintiff is as follows:

- Named Plaintiff OBED VAZQUEZ recovered a total of $8,000;

- PEDRO ZAYAS recovered a total of $1,750;

- PABLITO SANTIAGO recovered a total of $1,750;

- EDWIN SANTIAGO recovered a total of $1,750;

- FERNANDO COPLIE recovered a total of $1,750.

11.     In exchange for these payments, Plaintiffs agreed to drop and release their claims.

12.     Additionally, the parties have agreed Defendant will pay Plaintiffs' counsel $15,000 in fees and costs (which includes the filing fee).  Plaintiffs' counsel's fees and costs were discussed entirely separately from Plaintiffs' recovery.

13.     Under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982), the Court must review the FLSA settlement to determine if it is a "fair and reasonable resolution of a bona fide dispute." There is no requirement that the Court do the same as to Plaintiffs' additional claims against Defendant.

14.     Based upon the facts and authority cited below, this Motion should be granted, the Settlement Agreement approved, and the case dismissed with prejudice.

## MEMORANDUM OF LAW

There are two ways in which claims under the FLSA can be settled and released by employees. First, § 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores,* 679 F.2d at 1353. Second, in the context of a private lawsuit brought by an employee against an employer under § 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1)    the existence of fraud or collusion behind the settlement;
(2)    the complexity, expense, and likely duration of the litigation;
(3)    the stage of the proceeding and the amount of discovery completed;
(4)    the probability of plaintiff's success on the merits;
(5)    the range of possible recovery; and
(6)    the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.,* 18 F.3d 1527, 1530-31 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.

## I.    THE SETTLEMENT.

The Settlement Agreements are attached as Exhibit A. Under the terms of the Settlement Agreements, Defendant will pay Named Plaintiff OBED VAZQUEZ the sum total of $8,000 in settlement of his claims. The settlement sum is approximately half of the total recovery Plaintiff would have sought at trial. In addition, Defendant will pay Opt-in Plaintiffs PEDRO ZAYAS, PABLITO SANTIAGO, EDWIN SANTIAGO, and FERNANDO COPLIE, $1,750 each. These amounts fairly balance the monetary amounts at issue in the case with the risks inherent in proceeding with litigation rather than settling.

The settlement also provides that Defendant will pay Plaintiffs' counsel the sum total of $15,000 in fees and costs ($3,000 for each Plaintiff). Plaintiffs' fees and costs were negotiated separately from the amount payable to Plaintiffs under this settlement, and the Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Plaintiffs' counsel.

II.      **ALL OF THE RELEVANT CRITERIA SUPPORT THE FAIRNESS OF THE SETTLEMENT.**

As discussed above, Defendant denies that it owes Plaintiffs any additional compensation, and Plaintiffs acknowledge that the settlement amounts represent fair compensation for their FLSA claims. Accordingly, the settlement is fair.

The settlement involves no fraud or collusion. The proposed settlement arises from an action brought by Plaintiffs against their alleged former employer, which was adversarial in nature. Courts have found that no fraud or collusion exists when both parties were represented by counsel and the amount paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. December 21, 2006). Here, each Party was independently represented by experienced counsel. The undersigned counsel represent to the Court that there was no fraud or collusion and that all parties are in agreement.

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs. The Parties agree that they have been able to properly evaluate the claims and that Plaintiffs have at all times been represented by counsel. In agreeing to the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis of the claims.

Counsel for Plaintiffs and for Defendant believe the settlement to be fair and reasonable, as Plaintiffs will be fairly compensated, and their attorneys paid.

III.      **FEES WERE NEGOTIATED SEPARATELY AND ARE REASONABLE.**

As part of the Parties' settlement, Plaintiffs' attorneys' fees and costs were negotiated separately from the amounts claimed by Plaintiffs for their underlying claims and are not a function

of any percentage of recovery. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16.

Here, Defendant's payment of $15,000 for Plaintiffs' attorneys' fees and costs provides for the resolution of all attorneys' fees and costs owed to Plaintiffs' counsel. The payment to Plaintiffs' Counsel for attorneys' fees and costs constitutes a fair and reasonable compromise.

## CONCLUSION

The Parties assert that the settlement they reached is a fair and reasonable compromise of Plaintiffs' claims. Accordingly, the Parties respectfully request that this Court approve the Settlement Agreements and dismiss all claims asserted by Plaintiffs in this action with prejudice, retaining jurisdiction to enforce the Settlement Agreements as necessary.

Dated this 20th day of April, 2017.

Scopelitis, Garvin, Light, Hanson & Feary, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Telephone:  (317) 637-1777
Facsimile: (317) 687-2414


BY:  /s/ Christopher J. Eckhart
      Christopher J. Eckhart, Esquire
      Indiana Bar Number: 27823-49
      E-mail: ceckhart@scopelitis.com
      Counsel for Defendant

WENZEL FENTON CABASSA, P.A.
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Telephone:  813-224-0431
Facsimile:  813-229-8712


BY:  /s/ Luis A. Cabassa
      Luis A. Cabassa
      Florida Bar Number: 0053643
      E-mail:  lcabassa@wfclaw.com
      Counsel for Plaintiffs

4813-9136-2887, v. 6