UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OBED VAZQUEZ,

    Plaintiff,

v.                                    Case No: 6:16-cv-1307-Orl-40TBS

JOSEPH CORY HOLDINGS, LLC,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion to Approve FLSA Settlements and for Dismissal of All Claims with Prejudice. (Doc 61). Upon due consideration, I respectfully recommend that the motion be denied.

### Background

Named Plaintiff Obed Vazquez, on behalf of himself and all others similarly situated, filed this action alleging failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* as well as violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), FLA. STAT. § 501.20 I *et seq.,* and unpaid wages under Florida common law (Doc. 1). The complaint purported to be filed both as a collective action under 29 U.S.C. § 216(b) and as a class action under Federal Rule of Civil Procedure 23 (Id.).

Following the filing of a motion to dismiss, Plaintiff filed an amended complaint (Doc. 28) for damages under the FLSA for failure to pay overtime wages (Count I), violations of the FDUTPA.(Count II), unpaid wages under Florida common law (Count III), and violation of 26 U.S.C. § 7434 (the "IRS claim") (Count IV). According to the

allegations of the amended complaint, Defendant operates a trucking business, providing delivery services to Best Buy stores in and around Osceola County, Florida. (Id. ¶7). Plaintiff is alleged to be "employed by Defendant" as a driver. (Id. ¶11). He asserts that Defendant has a uniform policy of willfully misclassifying its drivers as independent contractors, when they are in fact, "employees" of Defendant, and as a result of that unlawful misclassification, Defendant has violated the overtime provisions of the FLSA and the "plain proscriptions" of FDUTPA. (Id. ¶¶ 14-15). Plaintiff alleges, *inter alia,* that Defendant sets its drivers' work schedules, provides them with trucks and all the equipment they need to perform their work as drivers, and provides them with daily tasks (Id., ¶27). Defendant also exercises complete control over the methods Plaintiff and other drivers use to conduct their work, the manner in which the work is completed, and the circumstances surrounding their work activities. (Id. ¶29). Plaintiff alleges that he routinely worked for Defendant for 14 to 16 hours per day, at least six days per week (Id. ¶41). He purported to bring his FLSA claim as a putative collective action and his FDUTPA and IRS claims as putative class actions, seeking to vindicate the rights of other drivers who were also subjected to Cory's allegedly unlawful misclassification policy. Pedro Zaya, Pablito Santiago, Edwin Santiago and Fernando Coplie filed declarations and expressed a desire to opt-in to this case (Docs. 44-47, 62).

Defendant filed a motion to dismiss Counts II and IV of the amended complaint (Doc 31). I issued a report and recommendation that the motion be granted in part and denied in part (Doc. 42) which the District Judge adopted, in part (Doc. 54). The District Judge agreed that Plaintiff had not established standing to bring the IRS claim, but declined to exercise supplemental jurisdiction over the FDUTPA claim (Id.) Thus, Count IV of Plaintiff's Amended Complaint (the IRS claim) was dismissed without prejudice due

to Plaintiff's lack of standing and Count II (the FDUTPA claim) was dismissed, with leave to refile in state court (Id.).

Plaintiff was given leave to file a second amended complaint with respect to the IRS claim, but Plaintiff filed a notice of settlement within the hour (Doc. 55). Shortly thereafter, the parties filed a brief stipulation that:

> Plaintiff agrees that he has received full compensation, including but not limited to overtime compensation, for all of the hours that he worked while under contract with Defendant. Accordingly, the parties stipulate to the dismissal of this action with prejudice under Federal Rule of Civil Rule 41(a), with each party to bear their own attorney's fees, costs and disbursements.

(Doc. 56). Finding the stipulation to be inappropriate in an FLSA case, the District Judge ordered the stipulation stricken and directed the parties to tender a copy of their settlement agreement for Court review and file a properly supported joint motion to approve their settlement agreement (Doc. 57). The instant motion followed (Doc. 61).

## Discussion

The parties seek review to determine whether their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

The parties have entered into separate, but substantially identical settlement agreements for the named Plaintiff and each opt-in Plaintiff (Doc. 61-1). Under these agreements, the named Plaintiff is to receive a total of $8,000; and the four opt-ins receive a total of $1,750 each. Defendant has also agreed to pay Plaintiffs' counsel $15,000 in fees and costs (which includes the filing fee). The agreements purport to settle "all claims," whether known or unknown, and include a variety of other provisions, including broad general releases, a confidentiality provision, and penalties for any breach of confidentiality. Upon review, I cannot find this settlement to be fair or reasonable.

Initially, it is not evident to me that these agreements serve to compromise the FLSA claims. They each include a recital that Plaintiffs are "independent contractors," a statement that is in direct contradiction to the allegations of Plaintiff's pleading and the basis of the FLSA claims. This theme continues by the fact that payment is to be made accompanied by a Form 1099, with no employee deductions or withholding. There is also

- 4 -

no provision for liquidated damages and no explanation as to why they are not included. Put simply, it appears that the parties did not compromise the FLSA claim at all; rather, Plaintiffs waived it. As a waiver of statutory rights is not allowed in the FLSA context, the settlement agreements cannot be approved as fair or reasonable.

Even if it were possible to construe this as a settlement on an FLSA claim, the parties fail to provide sufficient information to evaluate these settlements. In the usual course, a plaintiff will present with a history of his wages and, while he may be unclear as to the exact amount of hours worked, he has a general idea regarding how much he worked and what is owed. By analyzing the claim (the number of hours, the amount of the wage), the Court can compare it to the agreed-to settlement, and determine if it is fair and reasonable. Here, the filings do not provide any showing as to the value of the FLSA claims sufficient to perform the comparison for any Plaintiff.

The settlement agreements purport to settle the FLSA claims and all other claims (not just the state law claims and the IRS claims, but "all" claims "of any nature, known or unknown, in law or equity.") As the agreements purport to settle all claims, the Court cannot decipher which portion of the settlement amounts relates solely to the FLSA claims. Without an explanation of their claims, the Court has nothing to base a finding of reasonableness on.

If this is an FLSA settlement, the agreements contain numerous provisions that are inappropriate. Judge Byron has observed that, "[t]here is certainly disagreement among the district judges in the Middle District of Florida on the issue of whether a release of claims provision undermines the reasonableness of an FLSA settlement." Monahan v. Rehoboth Hosp., Inc., No. 6:15-CV-1159-ORL40KRS, 2015 WL 9258244, at *1 (M.D. Fla. Dec. 18, 2015) (citing examples). While reasonable minds can (and do) differ in this

district, Judge Byron "sides with those decisions holding that a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint." Id., 2015 WL 9258244, at *2 (finding broad general release to be an "impermissible windfall to defendant."). Other decisions, notably, those authored by District Judge Dalton, find:

> Though the parties represent that Plaintiffs will receive additional consideration for the inclusion of the General Release in the Settlement Agreements, the Court no longer approves such consideration because the value of a general release is incalculable. Additionally, as plaintiffs can only compromise FLSA claims on the basis of a "dispute over FLSA provisions," concessions unrelated to the substance of the FLSA claims have no place in FLSA settlements. See Moreno v. Regions Bank, 729 F. Supp.2d 1346, 1351-52 (M.D. Fla. 2010). Indeed, a plaintiff's FLSA claim–which is intended to remedy a defendants' violation of mandatory law– should not be used as leverage to procure a general release of all possible claims. Cf. Lynn's Food, 679 F.2d at 1352 (recognizing that "[t]he FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours"). For the same reasons, a general release may not be used to release a non-party. Even if the parties were to cabin the release to FLSA claims, the Court remains skeptical as to the propriety of releasing FLSA claims against a non-party.

Arguelles v. Noor Baig, Inc., 6:16-cv-2024-Orl-37TBS, slip op. at 2-3 (M.D. Fla. Feb. 24, 2017) (footnote omitted). The exceptionally broad language here, which purports to also release non-parties, is the opposite of narrowly tailored and cannot be approved under even the most lenient of standards.

In addition, the provisions regarding confidentiality and the imposition of liquidated damages for breach (Provisions 4 and 5) are inappropriate and unenforceable. See Pariente v. CLC Resorts and Developments, Inc., No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014) (collecting cases).

On the showing made by the Parties, I do not find the settlement agreements to be a "fair and reasonable resolution of a bona fide FLSA dispute."

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion be **denied** and the settlement agreement be **rejected,** without prejudice to renewal upon clarification of these issues and amendment of the agreements to satisfy the Court's concerns.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 19, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties