DocuSign Envelope ID: 6325A439-CCBC-4590-87C5-E15482C7841D

## SETTLEMENT AGREEMENT AND RELEASE

The parties to this Settlement Agreement and Release ("Agreement") are Pedro Zayas ("Claimant"), and Joseph Cory Holdings, LLC ("Defendant") (collectively, the "Parties").

## Recitals

A.     Obed Vazquez filed his Complaint and Demand for Jury Trial on July 21, 2016 in the U.S. District Court for the Middle District of Florida as Case No. 6:16-cv-01307-PGB-TBS. He then filed a First Amended Complaint on September 30, 2016 ("Amended Complaint"). The Amended Complaint alleged that Defendant violated the Fair Labor Standards Act ("FLSA") and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") by misclassifying him as an independent contractor and failing to properly pay him overtime wages for hours he worked in excess of forty hours a week. Vazquez also sued for unpaid wages under Florida common law and civil damages for fraudulent filing of information returns under 26 U.S.C. § 7434(a) ("tax claims").

B.     On April 20, 2017, Pedro Zayas, Pablito Santiago, Edwin Santiago, and Fernando Coplie filed a Notice of Opt-in to become plaintiffs in the case (ECF No. 62).

C.     Defendant denies all claims made by the Claimant. Defendant believes the Claimant was properly classified as an independent contractor and therefore the FLSA does not apply to Claimant. Even if the FLSA did apply, as a driver for a motor carrier regulated by the Department of Transportation, Claimant is exempt from the FLSA's overtime provisions. *See* 29 U.S.C. § 213. Furthermore, at all times Defendant acted in good faith and is therefore not subject to the FLSA's liquidated damages provisions.

D.     On March 2, 2017 the Court dismissed Plaintiffs' FDUTPA and tax claims.

E.     In this Agreement, "Claims" refers to Plaintiffs' remaining claims in the Amended Complaint (i.e. violations of the FLSA and unpaid wages under Florida common law).

F.     By this Agreement, the Parties desire to settle, fully and finally, all of Claimant's Claims.

## Agreement

In consideration of the recitals and the terms of this Agreement, the Parties agree as follows:

DocuSign Envelope ID: 6325A439-CCBC-4590-87C5-E15482C7841D

1.     **Settlement Amount.** Defendant will pay Claimant the gross sum of $1,750.00 (the "Settlement Amount"). The Settlement Amount is compensation for all of Claimant's Claims as described in the Amended Complaint. The Settlement Amount will be paid as follows:

    a.    Defendant will pay the gross amount of $1,750 to Pedro Zayas. No deductions or withholdings will be made from this payment, and this amount will be reported on a Form 1099 issued to Pedro Zayas.

    b.    Defendant will pay Wenzel Fenton Cabassa, P.A. ("Claimant's Counsel") reasonable attorney fees and costs in the gross amount of $3,000. No deductions or withholdings will be made from this payment, and this amount will be reported on a Form 1099 issued to Wenzel Fenton Cabassa, P.A. Defendant agrees that this amount is reasonable and further agrees that it will jointly seek approval of such fees and costs and not oppose Claimant's application for recovery of this amount.

The consideration stated above is a complete settlement of Claimant's claims for unpaid overtime under the FLSA and Florida common law, including any claims for liquidated damages under the FLSA. This settlement represents a payment to which Claimant would not otherwise be entitled but for his entry into this Agreement. Claimant's Counsel will prepare, execute, and file a Request for Dismissal, voluntarily dismissing all claims asserted in the Amended Complaint without prejudice, within 15 days after the date this Agreement becomes effective. The payment for Form 1099 described in paragraph 1(a), above, will be provided directly to Claimant's Counsel at 1110 N. Florida Ave. # 300, Tampa, FL 33602, within 30 days after the following conditions have been satisfied:

    a.    The revocation period has passed (see paragraph 14, below) without revocation being exercised by the Claimant; and

    b.    The Court has entered an order dismissing Case No. 6:16-cv-01307-PGB-TBS without prejudice.

**Release by Claimant.** In consideration of the Settlement Amount described in Paragraph 1 of this Agreement, Claimant releases and discharges the Defendant from all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorney fees and costs actually incurred) related to Claimant's Claims.

2.     **Disclaimer of Liability.** Nothing in this Agreement shall constitute or should be construed as an admission of liability or wrongdoing by Defendant. Defendant expressly denies all wrongdoing. Defendant expressly asserts that: (1) Claimant was an independent contractor and not an employee, (2) Claimant was

exempt from the FLSA's overtime requirements, and (3) Defendant acted in good faith at all times.

3. **Remedies for Breach.** Should any Party prevail in any action brought against the other to enforce the terms of this Agreement, or to recover damages for breach of this Agreement, or to collect the Settlement Amount to be paid by Defendant under this Agreement, the prevailing Party will be entitled to recover from the other its reasonable attorney fees incurred in the action, along with costs and damages.

4. **Integration.** This Agreement contains the entire agreement of the Parties regarding the settlement of Claimant's Claims as set forth in the Amended Complaint. This Agreement may not be changed orally but only by an agreement in writing signed by the Party against whom enforcement of any waiver, change, modification, extension, or discharge is sought. Claimant acknowledges he has not relied upon any representations or promises except as set forth in this Agreement and has not relied upon Defendant or Defendant's counsel for any advice on or interpretation of the legal or tax implications of this Agreement. By signing below, the Parties acknowledge receipt of a copy of this Agreement. Each Party has been advised to seek the advice of a Certified Public Accountant or other tax advisor to review the Agreement and to advise each Party concerning how all of the terms and conditions of this Agreement may affect their future tax liabilities. The Parties have had the opportunity to retain their own Certified Public Accountants, tax advisor or tax attorney with reference to the tax implications of this Agreement. Further, the Parties' signatures to this Agreement serve as the acknowledgment that they have read this particular paragraph and that they have had the opportunity to seek independent advice. All Parties acknowledge their attorneys provided them no tax advice and they have not relied on any representations of their lawyer in providing tax advice.

5. **Severability.** Should any clause of this Agreement be found void by a court of law, with the exception of the requirement that Defendant pay Claimant and his counsel the Settlement Amount set forth in Paragraph 1, that fact will not impair the remainder of this Agreement.

6. **Governing Law.** This Agreement must be interpreted and enforced in accordance with the laws of the State of Florida. The Parties submit to jurisdiction before any state or federal court of record in Orlando, Florida, subject to the right, if any, of either Party to attempt to remove any claim arising under this Agreement to a United States District Court if that court has jurisdiction.

7. **Construction of Agreement.** This Agreement is the result of negotiation and compromise. In interpreting this Agreement neither Party should be considered to be the drafter of the document and the language should not be strictly construed against either Party. Instead, the language of the Agreement

DocuSign Envelope ID: 6325A439-CCBC-4590-87C5-E15482C7841D

should be interpreted in a manner consistent with the ordinary and reasonable meaning of the words used.

8. **Binding Effect.** This Agreement is binding upon and inures to the benefit of the Parties and their respective heirs, executors, administrators, officers, directors, shareholders, employees, agents, parent companies, subsidiaries, divisions, affiliates, successors, and assigns.

9. **Expenses.** The Parties must pay their own expenses, including any attorney fees, mediation fees, court costs, pleading preparation, legal and expert fees, or other expenses incurred for the negotiation, preparation, and execution of this Agreement, with the exception of the payment of the Settlement Amount by Defendant to Claimant and his counsel referenced in Paragraph 1.

10. **Counterparts.** This Agreement may be executed in identical counterparts, each of which will constitute an original of this Agreement. Signatures of the Parties may be exchanged by facsimile or electronically (e.g. PDF) and same will be treated as an original.

11. **Understanding and Voluntariness.** CLAIMANT REPRESENTS AND AGREES THAT HE HAS DISCUSSED ALL ASPECTS OF THIS AGREEMENT WITH HIS COUNSEL, HAS CAREFULLY READ AND FULLY UNDERSTANDS ALL OF THE PROVISIONS OF THIS AGREEMENT, AND IS VOLUNTARILY ENTERING INTO THIS AGREEMENT.

12. **Time for Consideration and Revocation.** Claimant has had at least twenty-one days to consider this Agreement. Upon executing this Agreement, Claimant will have seven days following his execution of this Agreement in which he may revoke this Agreement. This Agreement will not be effective and enforceable until this revocation period has expired. Notice of the revocation of this Agreement must be in writing and delivered to Christopher Eckhart, Scopelitis, Garvin, Light, Hanson & Feary, 10 West Market Street, Suite 1400, Indianapolis, Indiana 46204 no later than 10:00 a.m. on the next business day following the expiration of the seven-day period.

**[SIGNATURES ON NEXT PAGE]**

DocuSign Envelope ID: 6325A439-CCBC-4590-87C5-E15482C7841D

**CONTRACTORS**

Pedro Zayas

Dated: 6/28/2017

**DEFENDANT**

Joseph Cory Holdings, LLC

By:

Printed Name and Title

Dated: 8/1/17

4822-2659-5647, v. 12

DocuSign Envelope ID: C522C454-2BAC-415E-8A8F-1F50EBAD1C41

## SETTLEMENT AGREEMENT AND RELEASE

The parties to this Settlement Agreement and Release ("Agreement") are Fernando Coplin ("Claimant"), and Joseph Cory Holdings, LLC ("Defendant") (collectively, the "Parties").

### Recitals

A.     Obed Vazquez filed his Complaint and Demand for Jury Trial on July 21, 2016 in the U.S. District Court for the Middle District of Florida as Case No. 6:16-cv-01307-PGB-TBS. He then filed a First Amended Complaint on September 30, 2016 ("Amended Complaint"). The Amended Complaint alleged that Defendant violated the Fair Labor Standards Act ("FLSA") and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") by misclassifying him as an independent contractor and failing to properly pay him overtime wages for hours he worked in excess of forty hours a week. Vazquez also sued for unpaid wages under Florida common law and civil damages for fraudulent filing of information returns under 26 U.S.C. § 7434(a) ("tax claims").

B.     On April 20, 2017, Pedro Zayas, Pablito Santiago, Edwin Santiago, and Fernando Coplin filed a Notice of Opt-in to become plaintiffs in the case (ECF No. 62).

C.     Defendant denies all claims made by the Claimant. Defendant believes the Claimant was properly classified as an independent contractor and therefore the FLSA does not apply to Claimant. Even if the FLSA did apply, as a driver for a motor carrier regulated by the Department of Transportation, Claimant is exempt from the FLSA's overtime provisions. *See* 29 U.S.C. § 213. Furthermore, at all times Defendant acted in good faith and is therefore not subject to the FLSA's liquidated damages provisions.

D.     On March 2, 2017 the Court dismissed Plaintiffs' FDUTPA and tax claims.

E.     In this Agreement, "Claims" refers to Plaintiffs' remaining claims in the Amended Complaint (i.e. violations of the FLSA and unpaid wages under Florida common law).

F.     By this Agreement, the Parties desire to settle, fully and finally, all of Claimant's Claims.

### Agreement

In consideration of the recitals and the terms of this Agreement, the Parties agree as follows:

DocuSign Envelope ID: C522C454-2BAC-415E-8A8F-1F50EBAD1C41

1.    **Settlement Amount.** Defendant will pay Claimant the gross sum of $1,750.00 (the "Settlement Amount"). The Settlement Amount is compensation for all of Claimant's Claims as described in the Amended Complaint. The Settlement Amount will be paid as follows:

    a.    Defendant will pay the gross amount of $1,750 to Fernando Coplin. No deductions or withholdings will be made from this payment, and this amount will be reported on a Form 1099 issued to Fernando Coplin.

    b.    Defendant will pay Wenzel Fenton Cabassa, P.A. ("Claimant's Counsel") reasonable attorney fees and costs in the gross amount of $3,000. No deductions or withholdings will be made from this payment, and this amount will be reported on a Form 1099 issued to Wenzel Fenton Cabassa, P.A. Defendant agrees that this amount is reasonable and further agrees that it will jointly seek approval of such fees and costs and not oppose Claimant's application for recovery of this amount.

The consideration stated above is a complete settlement of Claimant's claims for unpaid overtime under the FLSA and Florida common law, including any claims for liquidated damages under the FLSA. This settlement represents a payment to which Claimant would not otherwise be entitled but for his entry into this Agreement. Claimant's Counsel will prepare, execute, and file a Request for Dismissal, voluntarily dismissing all claims asserted in the Amended Complaint without prejudice, within 15 days after the date this Agreement becomes effective. The payment for Form 1099 described in paragraph 1(a), above, will be provided directly to Claimant's Counsel at 1110 N. Florida Ave. # 300, Tampa, FL 33602, within 30 days after the following conditions have been satisfied:

    a.    The revocation period has passed (see paragraph 14, below) without revocation being exercised by the Claimant; and

    b.    The Court has entered an order dismissing Case No. 6:16-cv-01307-PGB-TBS without prejudice.

**Release by Claimant.** In consideration of the Settlement Amount described in Paragraph 1 of this Agreement, Claimant releases and discharges the Defendant from all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorney fees and costs actually incurred) related to Claimant's Claims.

2.    **Disclaimer of Liability.** Nothing in this Agreement shall constitute or should be construed as an admission of liability or wrongdoing by Defendant. Defendant expressly denies all wrongdoing. Defendant expressly asserts that: (1) Claimant was an independent contractor and not an employee, (2) Claimant was

DocuSign Envelope ID: C522C454-2BAC-415E-8A8F-1F50EBAD1C41

exempt from the FLSA's overtime requirements, and (3) Defendant acted in good faith at all times.

**3.    Remedies for Breach.** Should any Party prevail in any action brought against the other to enforce the terms of this Agreement, or to recover damages for breach of this Agreement, or to collect the Settlement Amount to be paid by Defendant under this Agreement, the prevailing Party will be entitled to recover from the other its reasonable attorney fees incurred in the action, along with costs and damages.

**4.    Integration.** This Agreement contains the entire agreement of the Parties regarding the settlement of Claimant's Claims as set forth in the Amended Complaint. This Agreement may not be changed orally but only by an agreement in writing signed by the Party against whom enforcement of any waiver, change, modification, extension, or discharge is sought. Claimant acknowledges he has not relied upon any representations or promises except as set forth in this Agreement and has not relied upon Defendant or Defendant's counsel for any advice on or interpretation of the legal or tax implications of this Agreement. By signing below, the Parties acknowledge receipt of a copy of this Agreement. Each Party has been advised to seek the advice of a Certified Public Accountant or other tax advisor to review the Agreement and to advise each Party concerning how all of the terms and conditions of this Agreement may affect their future tax liabilities. The Parties have had the opportunity to retain their own Certified Public Accountants, tax advisor or tax attorney with reference to the tax implications of this Agreement. Further, the Parties' signatures to this Agreement serve as the acknowledgment that they have read this particular paragraph and that they have had the opportunity to seek independent advice. All Parties acknowledge their attorneys provided them no tax advice and they have not relied on any representations of their lawyer in providing tax advice.

**5.    Severability.** Should any clause of this Agreement be found void by a court of law, with the exception of the requirement that Defendant pay Claimant and his counsel the Settlement Amount set forth in Paragraph 1, that fact will not impair the remainder of this Agreement.

**6.    Governing Law.** This Agreement must be interpreted and enforced in accordance with the laws of the State of Florida. The Parties submit to jurisdiction before any state or federal court of record in Orlando, Florida, subject to the right, if any, of either Party to attempt to remove any claim arising under this Agreement to a United States District Court if that court has jurisdiction.

**7.    Construction of Agreement.** This Agreement is the result of negotiation and compromise. In interpreting this Agreement neither Party should be considered to be the drafter of the document and the language should not be strictly construed against either Party. Instead, the language of the Agreement

DocuSign Envelope ID: C522C454-2BAC-415E-8A8F-1F50EBAD1C41

should be interpreted in a manner consistent with the ordinary and reasonable meaning of the words used.

8.   **Binding Effect.** This Agreement is binding upon and inures to the benefit of the Parties and their respective heirs, executors, administrators, officers, directors, shareholders, employees, agents, parent companies, subsidiaries, divisions, affiliates, successors, and assigns.

9.   **Expenses.** The Parties must pay their own expenses, including any attorney fees, mediation fees, court costs, pleading preparation, legal and expert fees, or other expenses incurred for the negotiation, preparation, and execution of this Agreement, with the exception of the payment of the Settlement Amount by Defendant to Claimant and his counsel referenced in Paragraph 1.

10.   **Counterparts.** This Agreement may be executed in identical counterparts, each of which will constitute an original of this Agreement. Signatures of the Parties may be exchanged by facsimile or electronically (e.g. PDF) and same will be treated as an original.

11.   **Understanding and Voluntariness.** CLAIMANT REPRESENTS AND AGREES THAT HE HAS DISCUSSED ALL ASPECTS OF THIS AGREEMENT WITH HIS COUNSEL, HAS CAREFULLY READ AND FULLY UNDERSTANDS ALL OF THE PROVISIONS OF THIS AGREEMENT, AND IS VOLUNTARILY ENTERING INTO THIS AGREEMENT.

12.   **Time for Consideration and Revocation.** Claimant has had at least twenty-one days to consider this Agreement. Upon executing this Agreement, Claimant will have seven days following his execution of this Agreement in which he may revoke this Agreement. This Agreement will not be effective and enforceable until this revocation period has expired. Notice of the revocation of this Agreement must be in writing and delivered to Christopher Eckhart, Scopelitis, Garvin, Light, Hanson & Feary, 10 West Market Street, Suite 1400, Indianapolis, Indiana 46204 no later than 10:00 a.m. on the next business day following the expiration of the seven-day period.

**[SIGNATURES ON NEXT PAGE]**

DocuSign Envelope ID: C522C454-2BAC-415E-8A8F-1F50EBAD1C41

**CONTRACTORS**

Fernando Coplin

Fernando Coplin

Dated: 6/28/2017

**DEFENDANT**

Joseph Cory Holdings, LLC

By:

Printed Name and Title

Dated:

4822-2659-5647, v. 12

5

DocuSign Envelope ID: 4F093467-5EB4-47AB-960E-1157A82EA705

## SETTLEMENT AGREEMENT AND RELEASE

The parties to this Settlement Agreement and Release ("Agreement") are Edwin Santiago ("Claimant"), and Joseph Cory Holdings, LLC ("Defendant") (collectively, the "Parties").

### Recitals

A.      Obed Vazquez filed his Complaint and Demand for Jury Trial on July 21, 2016 in the U.S. District Court for the Middle District of Florida as Case No. 6:16-cv-01307-PGB-TBS. He then filed a First Amended Complaint on September 30, 2016 ("Amended Complaint"). The Amended Complaint alleged that Defendant violated the Fair Labor Standards Act ("FLSA") and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") by misclassifying him as an independent contractor and failing to properly pay him overtime wages for hours he worked in excess of forty hours a week. Vazquez also sued for unpaid wages under Florida common law and civil damages for fraudulent filing of information returns under 26 U.S.C. § 7434(a) ("tax claims").

B.      On April 20, 2017, Pedro Zayas, Pablito Santiago, Edwin Santiago, and Fernando Coplie filed a Notice of Opt-in to become plaintiffs in the case (ECF No. 62).

C.      Defendant denies all claims made by the Claimant. Defendant believes the Claimant was properly classified as an independent contractor and therefore the FLSA does not apply to Claimant. Even if the FLSA did apply, as a driver for a motor carrier regulated by the Department of Transportation, Claimant is exempt from the FLSA's overtime provisions. *See* 29 U.S.C. § 213. Furthermore, at all times Defendant acted in good faith and is therefore not subject to the FLSA's liquidated damages provisions.

D.      On March 2, 2017 the Court dismissed Plaintiffs' FDUTPA and tax claims.

E.      In this Agreement, "Claims" refers to Plaintiffs' remaining claims in the Amended Complaint (i.e. violations of the FLSA and unpaid wages under Florida common law).

F.      By this Agreement, the Parties desire to settle, fully and finally, all of Claimant's Claims.

### Agreement

In consideration of the recitals and the terms of this Agreement, the Parties agree as follows:

DocuSign Envelope ID: 4F093467-5EB4-47AB-960E-1157A82EA705

1.   **Settlement Amount**. Defendant will pay Claimant the gross sum of $1,750.00 (the "Settlement Amount"). The Settlement Amount is compensation for all of Claimant's Claims as described in the Amended Complaint. The Settlement Amount will be paid as follows:

   a.   Defendant will pay the gross amount of $1,750 to Edwin Santiago. No deductions or withholdings will be made from this payment, and this amount will be reported on a Form 1099 issued to Edwin Santiago.

   b.   Defendant will pay Wenzel Fenton Cabassa, P.A. ("Claimant's Counsel") reasonable attorney fees and costs in the gross amount of $3,000. No deductions or withholdings will be made from this payment, and this amount will be reported on a Form 1099 issued to Wenzel Fenton Cabassa, P.A. Defendant agrees that this amount is reasonable and further agrees that it will jointly seek approval of such fees and costs and not oppose Claimant's application for recovery of this amount.

The consideration stated above is a complete settlement of Claimant's claims for unpaid overtime under the FLSA and Florida common law, including any claims for liquidated damages under the FLSA.  This settlement represents a payment to which Claimant would not otherwise be entitled but for his entry into this Agreement. Claimant's Counsel will prepare, execute, and file a Request for Dismissal, voluntarily dismissing all claims asserted in the Amended Complaint without prejudice, within 15 days after the date this Agreement becomes effective. The payment for Form 1099 described in paragraph 1(a), above, will be provided directly to Claimant's Counsel at 1110 N. Florida Ave. # 300, Tampa, FL 33602, within 30 days after the following conditions have been satisfied:

   a.   The revocation period has passed (see paragraph 14, below) without revocation being exercised by the Claimant; and

   b.   The Court has entered an order dismissing Case No. 6:16-cv-01307-PGB-TBS without prejudice.

**Release by Claimant**. In consideration of the Settlement Amount described in Paragraph 1 of this Agreement, Claimant releases and discharges the Defendant from all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorney fees and costs actually incurred) related to Claimant's Claims.

2.   **Disclaimer of Liability**. Nothing in this Agreement shall constitute or should be construed as an admission of liability or wrongdoing by Defendant. Defendant expressly denies all wrongdoing. Defendant expressly asserts that: (1) Claimant was an independent contractor and not an employee, (2) Claimant was

DocuSign Envelope ID: 4F093467-5EB4-47AB-960E-1157A82EA705

exempt from the FLSA's overtime requirements, and (3) Defendant acted in good faith at all times.

3. **Remedies for Breach**. Should any Party prevail in any action brought against the other to enforce the terms of this Agreement, or to recover damages for breach of this Agreement, or to collect the Settlement Amount to be paid by Defendant under this Agreement, the prevailing Party will be entitled to recover from the other its reasonable attorney fees incurred in the action, along with costs and damages.

4. **Integration**. This Agreement contains the entire agreement of the Parties regarding the settlement of Claimant's Claims as set forth in the Amended Complaint. This Agreement may not be changed orally but only by an agreement in writing signed by the Party against whom enforcement of any waiver, change, modification, extension, or discharge is sought. Claimant acknowledges he has not relied upon any representations or promises except as set forth in this Agreement and has not relied upon Defendant or Defendant's counsel for any advice on or interpretation of the legal or tax implications of this Agreement. By signing below, the Parties acknowledge receipt of a copy of this Agreement. Each Party has been advised to seek the advice of a Certified Public Accountant or other tax advisor to review the Agreement and to advise each Party concerning how all of the terms and conditions of this Agreement may affect their future tax liabilities. The Parties have had the opportunity to retain their own Certified Public Accountants, tax advisor or tax attorney with reference to the tax implications of this Agreement. Further, the Parties' signatures to this Agreement serve as the acknowledgment that they have read this particular paragraph and that they have had the opportunity to seek independent advice. All Parties acknowledge their attorneys provided them no tax advice and they have not relied on any representations of their lawyer in providing tax advice.

5. **Severability**. Should any clause of this Agreement be found void by a court of law, with the exception of the requirement that Defendant pay Claimant and his counsel the Settlement Amount set forth in Paragraph 1, that fact will not impair the remainder of this Agreement.

6. **Governing Law**. This Agreement must be interpreted and enforced in accordance with the laws of the State of Florida. The Parties submit to jurisdiction before any state or federal court of record in Orlando, Florida, subject to the right, if any, of either Party to attempt to remove any claim arising under this Agreement to a United States District Court if that court has jurisdiction.

7. **Construction of Agreement**. This Agreement is the result of negotiation and compromise. In interpreting this Agreement neither Party should be considered to be the drafter of the document and the language should not be strictly construed against either Party. Instead, the language of the Agreement

DocuSign Envelope ID: 4F093467-5EB4-47AB-960E-1157A82EA705

should be interpreted in a manner consistent with the ordinary and reasonable meaning of the words used.

8. **Binding Effect**. This Agreement is binding upon and inures to the benefit of the Parties and their respective heirs, executors, administrators, officers, directors, shareholders, employees, agents, parent companies, subsidiaries, divisions, affiliates, successors, and assigns.

9. **Expenses**. The Parties must pay their own expenses, including any attorney fees, mediation fees, court costs, pleading preparation, legal and expert fees, or other expenses incurred for the negotiation, preparation, and execution of this Agreement, with the exception of the payment of the Settlement Amount by Defendant to Claimant and his counsel referenced in Paragraph 1.

10. **Counterparts**. This Agreement may be executed in identical counterparts, each of which will constitute an original of this Agreement. Signatures of the Parties may be exchanged by facsimile or electronically (e.g. PDF) and same will be treated as an original.

11. **Understanding and Voluntariness**. CLAIMANT REPRESENTS AND AGREES THAT HE HAS DISCUSSED ALL ASPECTS OF THIS AGREEMENT WITH HIS COUNSEL, HAS CAREFULLY READ AND FULLY UNDERSTANDS ALL OF THE PROVISIONS OF THIS AGREEMENT, AND IS VOLUNTARILY ENTERING INTO THIS AGREEMENT.

12. **Time for Consideration and Revocation**. Claimant has had at least twenty-one days to consider this Agreement. Upon executing this Agreement, Claimant will have seven days following his execution of this Agreement in which he may revoke this Agreement. This Agreement will not be effective and enforceable until this revocation period has expired. Notice of the revocation of this Agreement must be in writing and delivered to Christopher Eckhart, Scopelitis, Garvin, Light, Hanson & Feary, 10 West Market Street, Suite 1400, Indianapolis, Indiana 46204 no later than 10:00 a.m. on the next business day following the expiration of the seven-day period.

**[SIGNATURES ON NEXT PAGE]**

DocuSign Envelope ID: 4F093467-5EB4-47AB-960E-1157A82EA705

**CONTRACTORS**

_Edwin Santiago_

Dated: 6/27/2017

**DEFENDANT**

Joseph Cory Holdings, LLC

By:

Printed Name and Title

Dated: 8/1/17

4822-2659-5647, v. 12

DocuSign Envelope ID: C4A2DBA6-BD59-432E-BA34-3F73AC24DFCA

## SETTLEMENT AGREEMENT AND RELEASE

The parties to this Settlement Agreement and Release ("Agreement") are Obed Vazquez ("Claimant"), and Joseph Cory Holdings, LLC ("Defendant") (collectively, the "Parties").

### Recitals

A.      Obed Vazquez filed his Complaint and Demand for Jury Trial on July 21, 2016 in the U.S. District Court for the Middle District of Florida as Case No. 6:16-cv-01307-PGB-TBS. He then filed a First Amended Complaint on September 30, 2016 ("Amended Complaint"). The Amended Complaint alleged that Defendant violated the Fair Labor Standards Act ("FLSA") and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") by misclassifying him as an independent contractor and failing to properly pay him overtime wages for hours he worked in excess of forty hours a week. Vazquez also sued for unpaid wages under Florida common law and civil damages for fraudulent filing of information returns under 26 U.S.C. § 7434(a) ("tax claims").

B.      On April 20, 2017, Pedro Zayas, Pablito Santiago, Edwin Santiago, and Fernando Coplie filed a Notice of Opt-in to become plaintiffs in the case (ECF No. 62).

C.      Defendant denies all claims made by the Claimant. Defendant believes the Claimant was properly classified as an independent contractor and therefore the FLSA does not apply to Claimant. Even if the FLSA did apply, as a driver for a motor carrier regulated by the Department of Transportation, Claimant is exempt from the FLSA's overtime provisions. *See* 29 U.S.C. § 213. Furthermore, at all times Defendant acted in good faith and is therefore not subject to the FLSA's liquidated damages provisions.

D.      On March 2, 2017 the Court dismissed Plaintiffs' FDUTPA and tax claims.

E.      In this Agreement, "Claims" refers to Plaintiffs' remaining claims in the Amended Complaint (i.e. violations of the FLSA and unpaid wages under Florida common law).

F.      By this Agreement, the Parties desire to settle, fully and finally, all of Claimant's Claims.

### Agreement

In consideration of the recitals and the terms of this Agreement, the Parties agree as follows:

DocuSign Envelope ID: C4A2DBA6-BD59-432E-BA34-3F73AC24DFCA

1.   **Settlement Amount.** Defendant will pay Claimant the gross sum of $8,000.00 (the "Settlement Amount"). The Settlement Amount is compensation for all of Claimant's Claims as described in the Amended Complaint. The Settlement Amount will be paid as follows:

    a.   Defendant will pay the gross amount of $8,000 to Obed Vazquez. No deductions or withholdings will be made from this payment, and this amount will be reported on a Form 1099 issued to Obed Vazquez.

    b.   Defendant will pay Wenzel Fenton Cabassa, P.A. ("Claimant's Counsel") reasonable attorney fees and costs in the gross amount of $3,000. No deductions or withholdings will be made from this payment, and this amount will be reported on a Form 1099 issued to Wenzel Fenton Cabassa, P.A. Defendant agrees that this amount is reasonable and further agrees that it will jointly seek approval of such fees and costs and not oppose Claimant's application for recovery of this amount.

The consideration stated above is a complete settlement of Claimant's claims for unpaid overtime under the FLSA and Florida common law, including any claims for liquidated damages under the FLSA. This settlement represents a payment to which Claimant would not otherwise be entitled but for his entry into this Agreement. Claimant's Counsel will prepare, execute, and file a Request for Dismissal, voluntarily dismissing all claims asserted in the Amended Complaint without prejudice, within 15 days after the date this Agreement becomes effective. The payment for Form 1099 described in paragraph 1(a), above, will be provided directly to Claimant's Counsel at 1110 N. Florida Ave. # 300, Tampa, FL 33602, within 30 days after the following conditions have been satisfied:

    a.   The revocation period has passed (see paragraph 14, below) without revocation being exercised by the Claimant; and

    b.   The Court has entered an order dismissing Case No. 6:16-cv-01307-PGB-TBS without prejudice.

**Release by Claimant.** In consideration of the Settlement Amount described in Paragraph 1 of this Agreement, Claimant releases and discharges the Defendant from all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorney fees and costs actually incurred) related to Claimant's Claims.

2.   **Disclaimer of Liability.** Nothing in this Agreement shall constitute or should be construed as an admission of liability or wrongdoing by Defendant. Defendant expressly denies all wrongdoing. Defendant expressly asserts that: (1) Claimant was an independent contractor and not an employee, (2) Claimant was

DocuSign Envelope ID: C4A2DBA6-BD59-432E-BA34-3F73AC24DFCA

exempt from the FLSA's overtime requirements, and (3) Defendant acted in good faith at all times.

3.    **Remedies for Breach.** Should any Party prevail in any action brought against the other to enforce the terms of this Agreement, or to recover damages for breach of this Agreement, or to collect the Settlement Amount to be paid by Defendant under this Agreement, the prevailing Party will be entitled to recover from the other its reasonable attorney fees incurred in the action, along with costs and damages.

4.    **Integration.** This Agreement contains the entire agreement of the Parties regarding the settlement of Claimant's Claims as set forth in the Amended Complaint. This Agreement may not be changed orally but only by an agreement in writing signed by the Party against whom enforcement of any waiver, change, modification, extension, or discharge is sought. Claimant acknowledges he has not relied upon any representations or promises except as set forth in this Agreement and has not relied upon Defendant or Defendant's counsel for any advice on or interpretation of the legal or tax implications of this Agreement. By signing below, the Parties acknowledge receipt of a copy of this Agreement. Each Party has been advised to seek the advice of a Certified Public Accountant or other tax advisor to review the Agreement and to advise each Party concerning how all of the terms and conditions of this Agreement may affect their future tax liabilities. The Parties have had the opportunity to retain their own Certified Public Accountants, tax advisor or tax attorney with reference to the tax implications of this Agreement. Further, the Parties' signatures to this Agreement serve as the acknowledgment that they have read this particular paragraph and that they have had the opportunity to seek independent advice. All Parties acknowledge their attorneys provided them no tax advice and they have not relied on any representations of their lawyer in providing tax advice.

5.    **Severability.** Should any clause of this Agreement be found void by a court of law, with the exception of the requirement that Defendant pay Claimant and his counsel the Settlement Amount set forth in Paragraph 1, that fact will not impair the remainder of this Agreement.

6.    **Governing Law.** This Agreement must be interpreted and enforced in accordance with the laws of the State of Florida. The Parties submit to jurisdiction before any state or federal court of record in Orlando, Florida, subject to the right, if any, of either Party to attempt to remove any claim arising under this Agreement to a United States District Court if that court has jurisdiction.

7.    **Construction of Agreement.** This Agreement is the result of negotiation and compromise. In interpreting this Agreement neither Party should be considered to be the drafter of the document and the language should not be strictly construed against either Party. Instead, the language of the Agreement

DocuSign Envelope ID: C4A2DBA6-BD59-432E-BA34-3F73AC24DFCA

should be interpreted in a manner consistent with the ordinary and reasonable meaning of the words used.

**8.    Binding Effect.** This Agreement is binding upon and inures to the benefit of the Parties and their respective heirs, executors, administrators, officers, directors, shareholders, employees, agents, parent companies, subsidiaries, divisions, affiliates, successors, and assigns.

**9.    Expenses.** The Parties must pay their own expenses, including any attorney fees, mediation fees, court costs, pleading preparation, legal and expert fees, or other expenses incurred for the negotiation, preparation, and execution of this Agreement, with the exception of the payment of the Settlement Amount by Defendant to Claimant and his counsel referenced in Paragraph 1.

**10.    Counterparts.** This Agreement may be executed in identical counterparts, each of which will constitute an original of this Agreement. Signatures of the Parties may be exchanged by facsimile or electronically (e.g. PDF) and same will be treated as an original.

**11.    Understanding and Voluntariness.** CLAIMANT REPRESENTS AND AGREES THAT HE HAS DISCUSSED ALL ASPECTS OF THIS AGREEMENT WITH HIS COUNSEL, HAS CAREFULLY READ AND FULLY UNDERSTANDS ALL OF THE PROVISIONS OF THIS AGREEMENT, AND IS VOLUNTARILY ENTERING INTO THIS AGREEMENT.

**12.    Time for Consideration and Revocation.** Claimant has had at least twenty-one days to consider this Agreement. Upon executing this Agreement, Claimant will have seven days following his execution of this Agreement in which he may revoke this Agreement. This Agreement will not be effective and enforceable until this revocation period has expired. Notice of the revocation of this Agreement must be in writing and delivered to Christopher Eckhart, Scopelitis, Garvin, Light, Hanson & Feary, 10 West Market Street, Suite 1400, Indianapolis, Indiana 46204 no later than 10:00 a.m. on the next business day following the expiration of the seven-day period.

**[SIGNATURES ON NEXT PAGE]**

DocuSign Envelope ID: C4A2DBA6-BD59-432E-BA34-3F73AC24DFCA

**CONTRACTORS**

DocuSigned by:

Obed Vazquez

FDD020814CA648C...

Obed Vazquez

Dated: 6/27/2017

**DEFENDANT**

Joseph Cory Holdings LLC

By:

Printed Name and Title

Dated:

4822-2659-5647, v. 12

DocuSign Envelope ID: 64ABD5C3-A23A-4133-9BF2-5ABF4829A60F

## SETTLEMENT AGREEMENT AND RELEASE

The parties to this Settlement Agreement and Release ("Agreement") are Pablito Santiago ("Claimant"), and Joseph Cory Holdings, LLC ("Defendant") (collectively, the "Parties").

### Recitals

A.     Obed Vazquez filed his Complaint and Demand for Jury Trial on July 21, 2016 in the U.S. District Court for the Middle District of Florida as Case No. 6:16-cv-01307-PGB-TBS. He then filed a First Amended Complaint on September 30, 2016 ("Amended Complaint"). The Amended Complaint alleged that Defendant violated the Fair Labor Standards Act ("FLSA") and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") by misclassifying him as an independent contractor and failing to properly pay him overtime wages for hours he worked in excess of forty hours a week. Vazquez also sued for unpaid wages under Florida common law and civil damages for fraudulent filing of information returns under 26 U.S.C. § 7434(a) ("tax claims").

B.     On April 20, 2017, Pedro Zayas, Pablito Santiago, Edwin Santiago, and Fernando Coplie filed a Notice of Opt-in to become plaintiffs in the case (ECF No. 62).

C.     Defendant denies all claims made by the Claimant. Defendant believes the Claimant was properly classified as an independent contractor and therefore the FLSA does not apply to Claimant. Even if the FLSA did apply, as a driver for a motor carrier regulated by the Department of Transportation, Claimant is exempt from the FLSA's overtime provisions. *See* 29 U.S.C. § 213. Furthermore, at all times Defendant acted in good faith and is therefore not subject to the FLSA's liquidated damages provisions.

D.     On March 2, 2017 the Court dismissed Plaintiffs' FDUTPA and tax claims.

E.     In this Agreement, "Claims" refers to Plaintiffs' remaining claims in the Amended Complaint (i.e. violations of the FLSA and unpaid wages under Florida common law).

F.     By this Agreement, the Parties desire to settle, fully and finally, all of Claimant's Claims.

### Agreement

In consideration of the recitals and the terms of this Agreement, the Parties agree as follows:

DocuSign Envelope ID: 64ABD5C3-A23A-4133-9BF2-5ABF4829A60F

1.    **Settlement Amount.** Defendant will pay Claimant the gross sum of $1,750.00 (the "Settlement Amount"). The Settlement Amount is compensation for all of Claimant's Claims as described in the Amended Complaint. The Settlement Amount will be paid as follows:

   a.    Defendant will pay the gross amount of $1,750 to Pablito Santiago. No deductions or withholdings will be made from this payment, and this amount will be reported on a Form 1099 issued to Pablito Santiago.

   b.    Defendant will pay Wenzel Fenton Cabassa, P.A. ("Claimant's Counsel") reasonable attorney fees and costs in the gross amount of $3,000. No deductions or withholdings will be made from this payment, and this amount will be reported on a Form 1099 issued to Wenzel Fenton Cabassa, P.A. Defendant agrees that this amount is reasonable and further agrees that it will jointly seek approval of such fees and costs and not oppose Claimant's application for recovery of this amount.

The consideration stated above is a complete settlement of Claimant's claims for unpaid overtime under the FLSA and Florida common law, including any claims for liquidated damages under the FLSA. This settlement represents a payment to which Claimant would not otherwise be entitled but for his entry into this Agreement. Claimant's Counsel will prepare, execute, and file a Request for Dismissal, voluntarily dismissing all claims asserted in the Amended Complaint without prejudice, within 15 days after the date this Agreement becomes effective. The payment for Form 1099 described in paragraph 1(a), above, will be provided directly to Claimant's Counsel at 1110 N. Florida Ave. # 300, Tampa, FL 33602, within 30 days after the following conditions have been satisfied:

   a.    The revocation period has passed (see paragraph 14, below) without revocation being exercised by the Claimant; and

   b.    The Court has entered an order dismissing Case No. 6:16-cv-01307-PGB-TBS without prejudice.

**Release by Claimant.** In consideration of the Settlement Amount described in Paragraph 1 of this Agreement, Claimant releases and discharges the Defendant from all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorney fees and costs actually incurred) related to Claimant's Claims.

2.    **Disclaimer of Liability.** Nothing in this Agreement shall constitute or should be construed as an admission of liability or wrongdoing by Defendant. Defendant expressly denies all wrongdoing. Defendant expressly asserts that: (1) Claimant was an independent contractor and not an employee, (2) Claimant was

DocuSign Envelope ID: 64ABD5C3-A23A-4133-9BF2-5ABF4829A60F

exempt from the FLSA's overtime requirements, and (3) Defendant acted in good faith at all times.

3. **Remedies for Breach.** Should any Party prevail in any action brought against the other to enforce the terms of this Agreement, or to recover damages for breach of this Agreement, or to collect the Settlement Amount to be paid by Defendant under this Agreement, the prevailing Party will be entitled to recover from the other its reasonable attorney fees incurred in the action, along with costs and damages.

4. **Integration.** This Agreement contains the entire agreement of the Parties regarding the settlement of Claimant's Claims as set forth in the Amended Complaint. This Agreement may not be changed orally but only by an agreement in writing signed by the Party against whom enforcement of any waiver, change, modification, extension, or discharge is sought. Claimant acknowledges he has not relied upon any representations or promises except as set forth in this Agreement and has not relied upon Defendant or Defendant's counsel for any advice on or interpretation of the legal or tax implications of this Agreement. By signing below, the Parties acknowledge receipt of a copy of this Agreement. Each Party has been advised to seek the advice of a Certified Public Accountant or other tax advisor to review the Agreement and to advise each Party concerning how all of the terms and conditions of this Agreement may affect their future tax liabilities. The Parties have had the opportunity to retain their own Certified Public Accountants, tax advisor or tax attorney with reference to the tax implications of this Agreement. Further, the Parties' signatures to this Agreement serve as the acknowledgment that they have read this particular paragraph and that they have had the opportunity to seek independent advice. All Parties acknowledge their attorneys provided them no tax advice and they have not relied on any representations of their lawyer in providing tax advice.

5. **Severability.** Should any clause of this Agreement be found void by a court of law, with the exception of the requirement that Defendant pay Claimant and his counsel the Settlement Amount set forth in Paragraph 1, that fact will not impair the remainder of this Agreement.

6. **Governing Law.** This Agreement must be interpreted and enforced in accordance with the laws of the State of Florida. The Parties submit to jurisdiction before any state or federal court of record in Orlando, Florida, subject to the right, if any, of either Party to attempt to remove any claim arising under this Agreement to a United States District Court if that court has jurisdiction.

7. **Construction of Agreement.** This Agreement is the result of negotiation and compromise. In interpreting this Agreement neither Party should be considered to be the drafter of the document and the language should not be strictly construed against either Party. Instead, the language of the Agreement

DocuSign Envelope ID: 64ABD5C3-A23A-4133-9BF2-5ABF4829A60F

should be interpreted in a manner consistent with the ordinary and reasonable meaning of the words used.

8.    **Binding Effect.** This Agreement is binding upon and inures to the benefit of the Parties and their respective heirs, executors, administrators, officers, directors, shareholders, employees, agents, parent companies, subsidiaries, divisions, affiliates, successors, and assigns.

9.    **Expenses.** The Parties must pay their own expenses, including any attorney fees, mediation fees, court costs, pleading preparation, legal and expert fees, or other expenses incurred for the negotiation, preparation, and execution of this Agreement, with the exception of the payment of the Settlement Amount by Defendant to Claimant and his counsel referenced in Paragraph 1.

10.   **Counterparts.** This Agreement may be executed in identical counterparts, each of which will constitute an original of this Agreement. Signatures of the Parties may be exchanged by facsimile or electronically (e.g. PDF) and same will be treated as an original.

11.   **Understanding and Voluntariness.** CLAIMANT REPRESENTS AND AGREES THAT HE HAS DISCUSSED ALL ASPECTS OF THIS AGREEMENT WITH HIS COUNSEL, HAS CAREFULLY READ AND FULLY UNDERSTANDS ALL OF THE PROVISIONS OF THIS AGREEMENT, AND IS VOLUNTARILY ENTERING INTO THIS AGREEMENT.

12.   **Time for Consideration and Revocation.** Claimant has had at least twenty-one days to consider this Agreement. Upon executing this Agreement, Claimant will have seven days following his execution of this Agreement in which he may revoke this Agreement. This Agreement will not be effective and enforceable until this revocation period has expired. Notice of the revocation of this Agreement must be in writing and delivered to Christopher Eckhart, Scopelitis, Garvin, Light, Hanson & Feary, 10 West Market Street, Suite 1400, Indianapolis, Indiana 46204 no later than 10:00 a.m. on the next business day following the expiration of the seven-day period.

**[SIGNATURES ON NEXT PAGE]**

4

DocuSign Envelope ID: 64ABD5C3-A23A-4133-9BF2-5ABF4829A60F

**CONTRACTORS**

Pablito Santiago

Dated: 6/29/2017

**DEFENDANT**

Joseph Cory Holdings, LLC

By:

Printed Name and Title

Dated:

4822-2659-5647, v. 12

5