UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OBED VAZQUEZ,

    Plaintiff,

v.                                          Case No: 6:16-cv-1307-Orl-40TBS

JOSEPH CORY HOLDINGS, LLC,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Amended Joint Motion to Approve FLSA Settlements and for Dismissal of All Claims with Prejudice (Doc 69). Upon due consideration, I respectfully recommend that the motion be granted.

## Background

Named Plaintiff Obed Vazquez, on behalf of himself and all others similarly situated, filed this action alleging failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* as well as violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), FLA. STAT. § 501.20 I *et seq.,* and unpaid wages under Florida common law (Doc. 1). Plaintiff filed his complaint as both a collective action under 29 U.S.C. § 216(b) and as a class action under Federal Rule of Civil Procedure 23 (Id.).

Following the filing of a motion to dismiss, Plaintiff amended his complaint (Doc. 28) to include claims for damages under the FLSA for failure to pay overtime wages (Count I), violations of the FDUTPA (Count II), unpaid wages under Florida common law (Count III), and violation of 26 U.S.C. § 7434 (the "IRS claim") (Count IV). The amended

complaint alleges that Defendant operates a trucking business, providing delivery services to Best Buy stores in and around Osceola County, Florida (Id. ¶7). Plaintiff asserts that he is "employed by Defendant" as a driver (Id. ¶11). He alleges that Defendant has a uniform policy of willfully misclassifying its drivers as independent contractors, when they are in fact, "employees," and as a result of that unlawful misclassification, Defendant has violated the overtime provisions of the FLSA and the "plain proscriptions" of FDUTPA (Id. ¶¶ 14-15). Plaintiff represents that he routinely worked for Defendant for 14 to 16 hours per day, at least six days per week (Id. ¶41). He brings his FLSA claim as a putative collective action and his FDUTPA and IRS claims as putative class actions, seeking to vindicate the rights of other drivers who were also subjected to Defendant's allegedly unlawful misclassification policy. Pedro Zayas, Pablito Santiago, Edwin Santiago and Fernando Coplin filed declarations and expressed a desire to opt-in to this case (Docs. 44-47, 62).

Defendant filed a motion to dismiss Counts II and IV of the amended complaint (Doc 31), and I issued a report and recommendation that the motion be granted in part and denied in part (Doc. 42). The district judge adopted, in part, my report and recommendations (Doc. 54). The district judge agreed that Plaintiff had not established standing to bring the IRS claim, and declined to exercise supplemental jurisdiction over the FDUTPA claim (Id.) Thus, Count IV of Plaintiff's amended complaint (the IRS claim) was dismissed without prejudice due to Plaintiff's lack of standing and Count II (the FDUTPA claim) was dismissed, with leave to refile in state court (Id.).

Plaintiff was given leave to file a second amended complaint with respect to the IRS claim but instead, filed a notice of settlement within the hour (Doc. 55). Shortly thereafter, the parties filed a brief stipulation that:

> Plaintiff agrees that he has received full compensation, including but not limited to overtime compensation, for all of the hours that he worked while under contract with Defendant. Accordingly, the parties stipulate to the dismissal of this action with prejudice under Federal Rule of Civil Rule 41(a), with each party to bear their own attorney's fees, costs and disbursements.

(Doc. 56). Finding the stipulation to be inappropriate in an FLSA case, the district judge ordered the stipulation stricken and directed the parties to tender a copy of their settlement agreement for Court review along with a properly supported joint motion to approve the agreement (Doc. 57).

The parties filed a motion for approval (Doc. 61), and I issued a report and recommendation that the motion be denied as: (1) it was not clear that an FLSA claim was being settled or compromised; (2) there was no provision for liquidated damages and no explanation as to why they were not included; (3) there was insufficient information to evaluate the reasonableness of the settlements; (4) the release of all claims was overbroad; and (5) the settlement agreements contained other unenforceable provisions (Doc. 63). The district judge adopted my recommendation, without prejudice to renewal of the motion upon clarification of these issues (Doc. 68). The instant motion purports to rectify the identified deficiencies.

### Discussion

The parties seek review to determine whether their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When

- 3 -

employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

Defendant has entered into separate but substantially identical settlement agreements with the named Plaintiff and opt-in Plaintiffs (Doc. 69-1). Under these agreements, the named Plaintiff is to receive a total of $8,000; and the four opt-ins receive a total of $1,750 each. Defendant has also agreed to pay Plaintiffs' counsel $15,000 in fees and costs (which includes the filing fee). The result, based on Plaintiffs' calculations is that Obed Vazquez is accepting $8,000.00 on a $16,918.00 claim; Pablito Santiago is accepting $1,750.00 on a $8,600.00 claim; Edwin Santiago is accepting $1,750.00 on a $3,149.11 claim; Fernando Coplin is accepting $1,750.00 on a $1,434.61

claim; and Pedro Zayas is accepting $1,750.00 on a $1,995.33 claim (Doc. 69 at 4). Defendant disputes the amounts of the claims being settled (Id.).

The parties have made significant efforts to address the Court's concerns about their prior settlement agreements. The current versions of the settlement agreements settle "all of Claimant's claims," and "Claims" is expressly defined as "Plaintiff's remaining claims in the Amended Complaint (i.e. violations of the FLSA and unpaid wages under Florida common law)." See Doc. 69-1 at 1. And, the release by each Plaintiff is now limited to matters "related to Claimant's Claims." Doc. 69-1 at 2. Thus, the parties are compromising FLSA claims and releasing only those claims. Some other objectionable provisions (confidentiality, penalties) have also been removed.

That said, the agreements do contain an overbroad provision purporting to bind "the Parties and their respective heirs, executors, administrators, officers, directors, shareholders, employees, agents, parent companies, subsidiaries, divisions, affiliates, successors, and assigns." See, for example Doc. 69-1, ¶ 8. As explained in my earlier report and recommendation, attempts to bind nonparties is inappropriate in an FLSA settlement context. See Arguelles v. Noor Baig, Inc., 6:16-cv-2024-Orl-37TBS, slip op. at 2-3 (M.D. Fla. Feb. 24, 2017) (footnote omitted). This defect is not fatal, however, as the agreements also include a severability provision. See, for example Doc. 69-1, ¶5. Pursuant to the severability provision, I find the "Binding Effect" provision to be void and of no force and effect with respect to any non-party.

As to the merits of the settlement, the parties have provided an explanation to support the agreed-to settlement amounts and why liquidated damages are not included in the settlements. In this settlement, Plaintiffs recover a total of nearly $15,000. Plaintiffs' estimate they are owed somewhere in the neighborhood of less than $33,000, and

Defendants estimate that Plaintiffs are owed nothing. Defendant contends that Plaintiffs at all times were independent contractors rather than employees and there appears to be some evidence to support that theory.[1] In addition, Defendant maintains that even if Plaintiffs were employees, they are exempt from the FLSA's overtime requirements under the Motor Carrier Exemption. I agree with the parties that, in light of these differences and the fact that Defendant also contests the existence of any overtime hours worked, this settlement is both reasonable and fair under the unique facts of this particular case.[2]

The settlement agreements also provide for $15,000 in attorney's fees and costs. This amount is represented to exclude any request for fees going forward following the filing of the original joint motion for approval (or even the original stipulation), and includes all representation for five Plaintiffs. As the parties represent that this amount was negotiated separately from the amounts claimed by Plaintiffs for their underlying claims and the settlement is otherwise reasonable on its face, further review is not required. Bonetti v. Embarq Management Co., 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009). Even if Bonetti did not apply, I find this sum to be fair and reasonable for representation of the five Plaintiffs here.

Consistent with the above, I find the settlement agreements to be a "fair and reasonable resolution of a bona fide FLSA dispute."

---

[1] This also explains the payment via Form 1099, which the Court would normally object to.
[2] The claims of each Plaintiff vary, but the compensation for the four opt-in plaintiffs is identical, resulting in some Plaintiffs receiving a greater percentage of their claim than others. While this would normally give me pause, I do not find the discrepancy fatal, given the nature of the defenses and dispute here (including Defendant's assertion that "many of the Plaintiffs had actually "employed" others to do their work") coupled with the fact that all Plaintiffs were represented and the case was vigorously litigated.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion be **GRANTED,** the settlement agreements be approved, and the case be dismissed, with prejudice.[3]

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 15, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record

---

[3] Although the motion seeks dismissal with prejudice, the settlement agreements reference dismissal "without prejudice." See Doc. 69-1, p. 2. Should the parties wish dismissal without prejudice, they should so inform the district judge in response to this report.